| 73 | 259 |
|----|-----|
| 88 | 341 |

| 73 | 259 |
|----|-----|
| 108 | 68 |

## SAMUEL HESS v. FREDERICK C. MEYER.

*Public lands—Surveys—Lost section corners—Relocation.*

1. In making the government survey the town and range lines are first run. The town lines are run due east and west, and section corner posts are placed, with the appropriate witnesses, at

intervals on the line 80 chains apart. Quarter section posts are also set along the line 40 chains from the section corners.

2. The town and range lines of a township are entirely independent of the *interior* subdivisions, and are made by different surveyors.

3. Township lines are required to be straight lines a distance of 480 chains; and when any two known monuments are found to exist on such line a right line between these monuments represents the location of the town line; and although the section corners on an east and west town line may, through error in the chain-men, be located and placed by the government 'survey either · east or west of where they should properly have been placed, and must so remain, there is no such liability to error as to placing them either north or south of the proper place on such line.

4. When a section corner on an east and west township line is lost, the proper method for its relocation would be to run a straight line from the nearest known monument on the town line on either side of the lost corner or corners, and replace the post, according to the field-notes of the government survey, upon the straight line connecting the two known monuments. Such town line cannot be swerved from a right line by measuring from a known quarter section corner north of the line to one south of such line, and dividing the distance, as to do so would make the survey of the township line subordinate to the survey of the subdivision of the township, when the 'contrary is not only the rule, but the fact.

5. If the stakes or monuments placed by the government in making the survey to indicate the section corners and quarter posts can be found, or the places where they were originally placed can be identified, they are to control in all cases. When they cannot be found, or if lost or obliterated, they must be restored upon the best evidence obtainable which tends to prove where they originally were, and for this purpose surveys are made and the lines retraced as near as possible.

6. Where the lost section corners sought to be re-established are those which were placed when the township was subdivided, they should be placed at the intersection of a north and south line and east and west line surveyed between the nearest known government monuments in the respective lines, and lost quarter posts, at equal distances from the section corners.· How. Stat. § 622.

7. In case of lost 'section corners on town or range lines, the lines should be resurveyed between the nearest known government monuments on either side of the lost corner or corners, and

the section corners relocated on a straight line between such monuments at the distance indicated in the field-notes, and the lost quarter posts at equal distances between the section corners.

8. In *all* cases the chain used in making the survey must be made to correspond to that used by the government by testing it with distances on the ground between two or more known monuments.

9. The record of the survey authorized by Act No. 149, Laws of 1883, to restore lost corners, etc., is not made even *prima facie* evidence of the correctness of the work done by the surveyor.

Error to Berrien. (O'Hara, J.)    Argued October 3, 1888.  Decided January 18, 1889.

Ejectment.  Defendent brings error.  Reversed.  The facts are stated in the opinion.

*Edward Bacon,* for appellant.

*Clapp & Bridgman,* for plaintiff.

CHAMPLIN, J.  The dispute in this case arises over the proper location of a boundary line between the land of two neighbors.  The defendant owns the N. ½ of the S. ½ of the N. W. ¼ of the N. E. ¼ of section 3, in township 8 S., range 20 W., and the plaintiff is the owner of the S. ½ of the S. ½ of the N. W. ¼ of the same quarter section.  The plaintiff claims title to a strip of land about eight feet in width at one end and six feet at the other, now in the possession of defendant.  The dispute was occasioned by surveys made by different surveyors who had been elected to the office of county surveyor, and the question turned upon the correctness of the methods employed and the accuracy of the work.

Township 8 S., range 20 W., is made fractional because of its proximity to the state line between Michigan and Indiana; and in the survey made by the government of

the United States the sections were surveyed full from the town line south, and the fractions were thrown into the tier bordering upon the state line. The township line between towns 7 and 8 S. formed the north line of section 3, upon which the land in dispute is situated. In making the government survey the town and range lines are first run. The town lines are run due east and west, and section corner posts are placed, with the appropriate witnesses, at intervals on the line 80 chains apart. Quarter section posts are also set along the line 40 chains from the section corners.

These exterior lines of the township are entirely independent of the interior subdivisions, and are to be made by different surveyors; the regulations of the Department of the Interior, which have the force of law, not allowing the same surveyor who ran the exterior township lines to subdivide it. The chains used in making the government surveys, although intended to be of standard length, are not always so, from wear in use, from climatic or other causes, and hence it is that surveys made by different surveyors, at different times, seldom correspond exactly as to distances between known monuments. Township lines are required to be straight lines a distance of 480 chains. Therefore when any two known monuments are found to exist on such line a right line between these monuments would represent the location of the town line; and although the section corners on an east and west town line may, through error in the chain-men, be located and placed by the government survey either east or west of where they should properly have been placed, and must so remain, there is no such liability to error as to placing them either north or south of the proper place on such line. They are not dependent upon section corners or quarter posts placed when the interior of the sections are surveyed, because, as before stated, they are

placed in position anterior to and independent of such interior surveys. It follows that, where a section corner on an east and west township line is lost, the proper method would be to run a straight line from the nearest known monument on the town line on either side of the lost corner or corners, and replace the post, according to the field-notes of the government survey, upon the straight line connecting the two known monuments. Such town line cannot be swerved from a right line by measuring from a known quarter section corner north of the line to one south of such line, and dividing the distance. To do so would make the survey of the town line subordinate to the survey of the subdivision of the township, when the contrary is not only the rule, but the fact.

The north-east corner of section 3, being a corner on the town line as originally surveyed, is lost. In relocating it the surveyor whose survey is relied upon by the plaintiff, as it was evidently by the jury, measured from the quarter section post north to a quarter section corner south of the town line, both being known monuments, and divided the distances equally, and located the section corner equidistant from the two quarter posts. That would be right, provided it coincided with a right line run between the nearest two known monuments on the government survey of the town line. These monuments were found by the surveyor, one at the south-east corner of section 35, town 7 S., range 20 W., and the other at the south-west corner of section 33. In running this line he surveyed west, running a random line, and came out 44 links north of the known monument or section corner. It does not appear from his testimony that he calculated the latitude and departure of this random line, and retraced a true line, which would be the town line, back to the starting-point; but he found that his chain was

longer than that used by the government, and, making the proper correction or allowance, he—

"Corrected the line back by placing stakes at 79 chains and 89 links, instead of 80 chains, which represented the mile."

If the stakes or monuments placed by the government in making the survey to indicate the section corners and quarter posts can be found, or the places where they originally were placed can be identified, they are to control in all cases. When they cannot be found, or if lost or obliterated, they must be restored upon the best evidence obtainable which tends to prove where they originally were. For this purpose surveys are made and the lines retraced as near as possible. Where the lost section corners are those which were placed when the township was subdivided, they should be placed at the intersection of a north and south line, and east and west line surveyed between the nearest known government monuments in the respective lines, and lost quarter posts, at equal distances from the section corners. How. Stat. § 622.

In case of lost section corners on town or range lines, the lines should be re-surveyed between the nearest known government monuments on either side of the lost corner or corners, and the section corners relocated on a straight line between such monuments at the distance indicated in the field-notes, and the lost quarter posts at equal distances between the section corners. In all cases the chain used in making the survey must be made to correspond to that used by the government by testing it with distances on the ground between two or more known monuments.

The testimony relative to the action of the board of supervisors in reference to lost corners, and authorizing Thomas Love to establish and perpetuate them, was improperly admitted in evidence. No report appears to have been made by Mr. Love of his doings under the res-

olution of the board of supervisors, and the statute does not appear to have been complied with. The effect of such testimony was to give to Mr. Love and his survey a sort of official recognition, and lead the jury to give to it greater weight than it otherwise would have received at their hands. It was likewise error for the court to instruct the jury as follows:

"Where the statute provides the manner of establishing corners, and that manner is followed out, I think before these corners are disturbed there ought to be a very clear showing that they are not correct. When these corners were made it was presumed that they were correct. When Mr. Hess showed this action of the supervisors, and after that the action of Mr. Love, and the establishment of these corners by him, that made a *prima facie* case that this was the right line. Then it became the duty of the other side [meaning the defendant] to show by their testimony that it was not the right line. Then the preponderance of evidence devolved upon them to show that the statutory provision carried out by Mr. Hess and Mr. Love to establish this corner was incorrect. It is not for you to say where the fact is."

The burden of proof rested upon the plaintiff to make out his case, and did not shift to the defendant, for the reasons stated. The statute in force at the time required the surveyor to,—

"Keep a full and complete record of his work, giving in detail the evidences by which any corner is identified; also the manner in which any lost corner is identified; also the manner in which lost corners are re-established,— which record shall be kept in the same book provided by the county for surveyors' records, and kept in the office of the county surveyor, and the record so made and entered by the surveyor aforesaid shall be received as evidence in all the courts of this State wherein any question may arise as to the establishment or identification of such corner or corners." Act No. 149, §. 1, Laws of 1883.

There is nothing in this language that authorizes the charge given. If the statute is complied with, the record

is made evidence; nothing more. It is not made presumptive evidence of the fact. It is not even made *prima facie* evidence of the correctness of the work done by the surveyor. Here the record was not introduced, if any was made, but the surveyor was placed upon the witness stand, and testified to the manner in which he made the survey and established the corners.

There were other errors in the charge, but, as they will not be likely to arise upon another trial, they need not be noticed here.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.