SAMUEL HESS v. FREDERICK C. MEYER.

[See 73 Mich. 259.]

*Surveys—Lost section corners.*

The Court adhere to the law laid down in the opinion reported in
73 Mich. 259, which governs the method of ascertaining and
relocating lost section corners on township lines.

Error to Berrien. (O'Hara, J.) Argued October 9 and
13, 1891. Decided November 13, 1891.

Ejectment. Defendant brings error. Affirmed. The
facts are stated in the opinion.

*Edward Bacon*, for appellant.

*George S. Clapp*, for plaintiff.

CHAMPLIN, C. J. We directed a new trial to be had
in this case upon reversing the judgment rendered upon
the first trial of the case. In the opinion handed down
we stated the law which governs the method of ascertain-
ing and relocating lost section corners on township lines.

Our attention is called to a circular issued by the
Secretary of the Interior in March, 1883, giving directions
as to the method to be pursued in the restoration of lost
or obliterated corners of the United States government
surveys. The plaintiff's counsel contends that, inasmuch
as the township line involved in this controversy was
made the basis of subdivisions of the township both on
the north and south of such line, lost corners should be
restored in the same manner as if such corners were on
a base or correction line, and that the rule laid down by
the Secretary of the Interior for the restoration of lost

or obliterated corners on base and correction lines should be the method pursued in restoring the lost corners upon this township line.

In the circular referred to the method established by the Department of the Interior for the restoration of corners on base and correction lines is as follows:

" Run a right line between the nearest existing corners on such line, whether base or correction line, which corners must, however, be fully identified, and at the point proportionate to the distance given in the field-notes of the original survey establish a new corner. This point should be verified by measurements to the nearest known corners north or south of the base or correction line, or both."

And counsel urges that in this case the quarter section post between sections 34 and 35 on the north of the town line, and the quarter section post between sections 2 and 3 south of the town line, being known monuments, established by the government survey at 40 chains, respectively, from the town line, should control the position of the section corner post at the north-east corner of section 3, in preference to the survey of the township line between two established and known monuments upon the township line. But the instructions not only do not direct this to be done, but merely suggest that such point may be verified by measurements to the nearest known corners north or south of such line. If it should be found that the monuments north and south of such line corresponded to the measurements made by the United States survey, it would afford a strong inference that the new location, based upon the survey of the right line between the nearest existing corners on such line, was correct; but it was not the intention, as we conceive, of the Secretary of the Interior to give to such measurements a controlling influence in the location of the lost corner.

In this case the testimony shows that the quarter posts north and south of the line upon the east line of sections 3 and 34 are 79.52 chains apart, while the field-notes of the government survey make their distance apart 80 chains, or 40 chains on each side of the town line. Here is an actual shortage in distance of 48 links, or 31.68 feet. It is evident that there was an error in the actual survey and location of one or the other of these quarter posts by the United States government. It therefore affords no criterion for verification. The mistake may have been made in the measurement north or in the measurement south, and it is quite unlikely that a mistake of 24 links in distance should be made when this particular line on the north was surveyed, and a like mistake when the line upon the south township was subdivided; especially so when no such error exists upon the section lines bounding these sections upon the west.

The court below instructed the jury in accordance with the law as laid down by us in the opinion reported in 73 Mich. 259. The testimony introduced in the case was conflicting, and it was fairly submitted to the jury. There was testimony which tended to prove that the corner post at the north-east corner of section 3 was located by the United States survey at the point claimed by the plaintiff.

We discover no error in the record, and the judgment is affirmed.

The other Justices concurred.