VAN DER GROEF v. JONES.

| 108 | 65 |
|-----|-----|
| 127 | 197 |

1. EVIDENCE—RECORD OF COUNTY SURVEYOR.

   The record of a survey by a county surveyor, which shows neither the name of the person for whom it was made nor the variation of the magnetic needle from the true meridian, as required by section 619, 1 How. Stat., is inadmissible in evidence.

2. SAME.

   Under 1 How. Stat. § 616, the record of such a survey, if complying with the requirements of section 619, is presumptive evidence of the facts therein contained, and casts upon the opposing party the burden of producing evidence to rebut the presumption; but whenever other surveys, made by competent surveyors, are introduced, the survey of the county surveyor is of no more binding force than the others, unless it has been acquiesced in by the parties.

3. ADVERSE POSSESSION—ESTOPPEL.

   In an action of trespass involving the true location of a boundary line, it appeared that, upon defendant's removing a fence from the line as claimed by the plaintiff, where it had existed for many years, and building it upon the line as claimed by himself, the plaintiff stated that he would have a resurvey to determine where the true line was, and would not abide by the survey which the defendant had caused to be made, and in accordance with which he had erected his fence. *Held*, that the plaintiff was not thereby estopped from setting up title to the land in dispute by adverse possession.

Error to Kalamazoo; Buck, J. Submitted December 4, 1895. Decided December 30, 1895.

Trespass *quare clausum fregit* by Adrian Van Der Groef against John W. Jones and Henry Knowles. From a judgment for plaintiff, defendants bring error. Reversed.

*H. O. Bliss* and *Howard & Roos*, for appellants.

*James H. Kinnane* and *Oscar T. Tuthill*, for appellee.

GRANT, J. The dispute in this case arises over the boundary line between the lands of the plaintiff and the defendant Jones, Knowles being the latter's tenant. Their lands are situated in the N. W. ¼ of the N. E. ¼ of section 11, in the township of Kalamazoo. Plaintiff made two claims: (1) That the true boundary line was outside the place where the alleged trespass was committed. (2) That, if it was not the true boundary line, he had obtained title by adverse possession.

1. Both parties introduced surveys made by competent surveyors. The principal errors arise over the admission of and the effect to be given to a record of a survey found upon the surveyor's record of Kalamazoo county, made April 28, 1862, by the then county surveyor. A copy of this record was introduced, over the objection and exception of the defendants. It will be found below.

As to the effect of this survey, the learned circuit judge instructed the jury as follows:

"The jury is instructed that the United States government, in its original survey, fixed the section corners and quarter posts. The division of the section was afterwards done by surveyors, and points established thereon, from the original corners and quarter posts thereon, and if so done by a county surveyor, and a record made by him thereof in a book kept by him for that purpose, as required by law, then such recorded survey is evidence of itself, and the points indicated there must be taken as true."

After instructing the jury, as requested by the defendants, that a survey made by the county surveyor is of no greater weight as evidence than those of any other surveyors of equal ability and skill, the judge said:

"That is true, gentlemen, but it needs this modification, as I have already practically instructed you,—that is true whenever a county surveyor is called upon to make what is practically a resurvey. The survey originally made by the county surveyor, having been recorded in the book, must be taken as true and correct, whether it be exactly done according to his mathematical skill, or the mathematical skill of his profession. * * * It appears by the undisputed evidence in the case that in the year 1862 Francis Stimson, then the county surveyor of this county, made a survey of part of section 11, and that by such survey he fixed and established a point he called a 'center' of said section 11, and noted the bearings of certain witness trees, as required by law. The center of the section, being thus fixed and established by the proper authority, could not afterwards be changed, whether the center thus established was the true geographical center or not; and any subsequent resurvey should be for the purpose of ascertaining where the original location of this central point was, and not to determine where it ought to have been."

Other language of similar import was used. The practical result of this ruling was the establishment of the line as claimed by the plaintiff.

We think the learned circuit judge was in error in admitting this survey in evidence, and in his instruction as to the effect to be given to it, if it had been such a record as the law makes admissible in evidence. The statute upon which the plaintiff relies is as follows: "The certifi-

cate of the surveyor, or his deputy, of any survey made by him of any lands in the county, shall be presumptive evidence of the facts therein contained, unless such surveyor or deputy shall be interested therein." 1 How. Stat. § 616. Section 619 provides what the record in the surveyor's book shall contain, and unless those provisions are complied with, the record is inadmissible for any purpose. *Smith* v. *Rich*, 37 Mich. 549. The provisions of section 619 will there be found stated in full. The record of surveys in that case was held inadmissible, because, among other reasons, neither of them appeared to be a survey of any piece of land, nor did either show for whom the survey was made, or the variation of the magnetic needle from the true meridian. The record of the survey in this case does not show for whom it was made, nor the variation of the magnetic needle from the true meridian. It contains no statement that point A is the center of the section. It simply says "at or near the center of the section." This expression cannot be regarded as a permanent establishment of the center of the section, binding upon those who are not interested in or parties to the making of that survey. It was held in *Hess* v. *Meyer*, 73 Mich. 259, that a law providing that a record made and entered by the surveyor upon the surveyor's book shall be received as evidence in all the courts of this State did not make a *prima facie* case, and it was error to so instruct the jury. The record of a survey which complies with the statute now under consideration is undoubtedly presumptive evidence of the facts therein found, and casts the burden of proof upon the opposing party to produce evidence to rebut the presumption. Whenever, however, other surveys are introduced, made by competent surveyors, such survey is of no more binding force than any other, where parties have not acquiesced in it.

2. We think there was ample evidence for the consideration of the jury upon the question of adverse possession. The principles of law in such cases were correctly given, and there was a fair dispute upon the facts. It is,

however, claimed on behalf of the defendant Jones that the plaintiff rented some of the disputed land from him, and that this broke the continuity of possession necessary to obtain title, and estopped him to assert such adverse possession. This also was disputed, and upon this point the court clearly instructed the jury that, if they found the fact as claimed by the defendants, the plaintiff had obtained no title by adverse possession.

When the defendants removed the fence from the line as claimed by plaintiff, and where it had existed many years, and built it upon the line as claimed by them, the plaintiff said he would have a resurvey to determine where the real line was, and would not abide by the survey which they had caused to be made. Such statement did not estop him from setting up, upon this trial, adverse possession. It was not a conclusive assertion that he did not rely upon it.

The judgment must be reversed, and a new trial ordered.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.