FULLER & JOHNSON MFG. COMPANY v. CHILD et al.

Rev. Code Civ. Proc.. § 303, declares that a party intending to move for a new trial must, within 20 days after the verdict or after notice of decision of the court, serve on the adverse party a notice of his intention, designating the statutory grounds on which the motion will be made, and that motions on the ground of newly discovered evidence may be made at any time before the close of the term next succeeding that at which the trial was had. Held, that a motion for a new trial for newly discovered evidence may be made after a motion on other grounds has been denied.

Rev. Code Civ. Proc. § 306, declares that the court or judge, on good cause shown, may in furtherance of justice extend the time within which any of the acts mentioned in sections 296 and 303 may be done, or may, after the time limited therefor has expired, fix another time within which such acts may be done. Section 303 authorizes motions for a new trial on service of notice within 20 days after verdict or notice of decision, unless made for newly discovered evidence, when the motion may be made at any time before the close of the next succeeding term. Held, that where new evidence is discovered after an appeal had been taken, the trial court has power, notwithstanding the expiration of the time fixed by section 303, to fix a new time within which a motion for a new trial on that ground may be made, on a showing of a good cause for such extension.

Where pending appeal new evidence was discovered by the appellant, appellant was entitled to move the Supreme Court for an order returning the record to the trial court, with instructions to enter an application for an extension of time within which to move for a new trial for newly discovered evidence, if the time fixed by statute had expired, and to hear and determine such motion:

(Opinion filed, Aug. 26, 1908.)

Appeal from Circuit Court, Spink County. Hon. CHARLES S. WHITING, Judge.

Action by the Fuller & Johnson Manufacturing Company against True W. Child and others. Judgment for plaintiff, and defendant E. A. Child appeals. On application of appellant to return the record to the circuit court to allow him to move for a new trial for newly discovered evidence. Application granted.

*W. F. Corrigan,* for appellant. *Bruell & Morris,* for respondent.

HANEY, P. J. It is alleged by the plaintiff that it obtained a judgment against defendant True W. Child, in the circuit court within and for Brown county, January 17, 1903, which was duly docketed in Spink county January 21, 1903; that plaintiff is the

owner and holder of such judgment, no part of which has been satisfied; that defendant True W. Child is the owner of a certain described quarter section of land in Spink county, and that he has been the owner thereof for more than 10 years last past; and that aforesaid judgment is a lien upon said land, record title to which is in the defendant True W. Child, but that plaintiff has heard rumors to the effect that defendants Julia B. Child and E. A. Child claim some interest in said premises. True W. Child admits the procuring and docketing of the judgment as alleged, but denies all other allegations of the complaint. Julia B. denies all the allegations of the complaint, while E. A. denies all the allegations of the complaint and avers that he is the owner of the property. On July 20, 1907, the circuit court rendered its decision in favor of the plaintiff, notice of which was given the defendants on the same day. Judgment was rendered Aug. 29, 1907. Defendant E. A. Child's motion for a new trial was denied Nov. 21, 1907, and an apepal to this court was perfected December 24, 1907. On April 11, 1908, an application was made to this court for an order to show cause why the record should not be returned to the circuit court for the purpose of allowing the defendant E. A. Child to move for a new trial on the ground of newly discovered evidence, it being alleged that a quitclaim deed, purporting to have been executed October 22, 1888, and purporting to convey the premises in controversy from True W. to E. A. Child, had been discovered after the appeal was perfected. An order to show cause was issued returnable April 16, 1908, and on that day the motion to return the record was taken under advisement.

The motion should be granted. Section 303, Rev. Code Civ. Proc., contains these provisions: "The party intending to move for a new trial must, within twenty days after the verdict of the jury, if the action were tried by jury, or after notice of the decision of the court, if the action were tried without a jury, serve upon the adverse party a notice of his intention, designating the statutory grounds upon which the motion will be made. * * * Motions for new trial on the ground of newly discovered evidence may be made at any time before the close of the term next succeeding that at which the trial was had." Effect can be given to each of these

provisions only by holding that a motion for a new trial on the ground of newly discovered evidence may be made after a motion on other grounds has been denied. It is also clear that the circuit court has power in a proper case to extend the time in which such a second motion may be made. "The court or judge may, upon good cause shown, in furtherance of justice, extend the time within which any of the acts mentioned in sections 296 and 303 may be done, or may, after the time limit therefore has expired, fix another time within which any of such acts may be done." Rev. Code Civ. Proc. § 306. The evidence in this case having been discovered subsequently to the perfecting of the appeal from the order denying the first motion (assuming that defendant could show good cause for an extension of time if one was needed), in order to preserve his rights he would be compelled to apply to the circuit court for such extension, make his second motion, and take a second appeal, or, as was done in this instance, apply to this court for a return of the record for that purpose. We think the latter course was the proper one, and the record will be returned to the circuit court with directions to entertain an application for an extension of time within which to move for a new trial on the ground of newly discovered evidence, if the time fixed by the statute shall have expired, and to hear and determine such motion; the sufficiency of the application for an extension and the sufficiency of the grounds for a new trial being matters wholly within the discretion of the trial court, concerning which we express no opinion.

FULLER, J., not sitting.