ALTFILLISCH, Respondent, v. SMITH, et al. (SMITH Appellant.)

(185 N. W. 968.)

(File No. 4942.   Opinion filed December 20, 1921.)

1. **New Trial—Order For Granted on Stipulation After Succeeding Term, Power of Court to Make—Statutes—Former Decision Followed.**

   Trial court had power, under stipulations extending the time to date of order, to make an order granting new trial, after close of the term next succeeding that at which trial was had; this notwithstanding the provision in Subd. 1 of Sec. 2557, Code 1919, limiting the time within which motion for new trial on ground of newly discovered evidence may be made to a time before close of such term; such power existing under Sec. 2559, authorizing extension of time upon good cause shown; following Fuller & Johnson Mfg. Co. v. Child et al, 22 S. D. 351.

2. **New Trial—Granted on Newly Discovered Evidence—Suit on Note, Defense of Accommodation Maker, Evidence That He Profited by Transaction, Whether Newly Discovered—Nonabuse of Discretion.**

   Where in a suit on a promissory note, in which appellant defended on ground that he was an accommodation maker on the original note of which that in suit was a partial renewal, and signed note after its date, court granted a new trial on evidence tending to show that appellant's endorsement was on

the note on its date and that he profited by the transaction out of which the original note arose held, that court did not abuse its discretion.

Appeal from Circuit Court, Kingsbury County. Hon. ALVA E. TAYLOR, Judge.

Action by Otto Altfillisch, against George A. Smith and another, upon a promissory note. From a judgment for Plaintiff upon directed verdict, and from an order granting a new trial, Defendant Smith appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*D. A. Crawford,* and *Hall & Purdy,* for Respondent.

GATES, J. Action upon a promissory note. Verdict and judgment for defendant. Upon plaintiff's motion the trial court granted a new trial specifying newly discovered evidence, insufficiency of the evidence, and errors in law occurring at the trial as the grounds of the order. Defendant Smith appeals.

[1] Appellant contends that the trial court should have sustained his motion to strike from the files the affidavits relative to newly discovered evidence because the motion for new trial was not made until after the close of the term of court next succeeding that at which the trial was had as provided in Rev. Code 1919, § 2557. By stipulations and an order of court the time to make the motion was extended to cover the date upon which it was made. The court had the power to make such order. Rev. Code 1919, § 2559; Bright v. Juhl, 16 S. D. 440, 93 N. W. 648. This matter has long ago been decided adversely to appellant's contention, in Fuller & Johnson Mfg. Co. v. Child, 22 S. D. 351, 117 N. W. 523.

[2] Appellant next contends that the newly discovered evidence is merely cumulative, and that respondent did not show diligence. The trial court evidently thought differently, and we think correctly. Defendant Smith testified that he indorsed the original note, of which the note in suit was a partial renewal, for the accommodation of the maker three weeks after its date. The newly discovered evidence tends to show that Smith's indorsement was upon the note on the date thereof, and that Smith profited by the transaction out of which the original note arose.

We have so often said that an order granting new trial will not be reversed unless it clearly appears that the trial court abused its discretion that the citation of precedents is unnecessary. We

are unable to conclude that the trial court abused its discretion in granting the new trial on the ground of newly discovered evidence. It therefore becomes unnecessary to consider the other grounds specified.

The order appealed from is affirmed.