ELBRIDGE D. LINSCOTT

*vs.*

THE ORIENT INSURANCE COMPANY.

Knox.    Opinion February 18, 1896.

*Insurance.    Fraud.    New Trial.*

A policy of insurance contained a clause that the policy should be void if the insured has concealed or misrepresented any material fact or circumstance concerning the insurance, or in case of any fraud or false swearing touching any matter relating to the insurance or the subject thereof.

In such case false swearing consists in knowingly and intentionally stating upon oath what is not true.

A false statement intentionally and knowingly, or fraudulently made, constitutes fraud; and the statement of a fact as true which a party does not know to be true, and which he has no reasonable ground for believing to be true is fraudulent.

"Fraud and false swearing" has the same significance as "fraud or false swearing" taken in connection with this issue.

In deciding motions for new trials on account of newly-discovered evidence, courts find it necessary to apply somewhat stringent rules to prevent the endless mischief which a different course would produce. A new trial will not be granted on the ground of newly-discovered evidence unless it seems to the court probable that it might alter the verdict; or, it should be made to appear that injustice is likely to be done by refusing it.

*State* v. *Stain*, 82 Maine, 472, affirmed.

ON MOTION AND EXCEPTIONS.

The case is stated in the opinion.

*Wm. H. Fogler*, for plaintiff.

*C. E. and A. S. Littlefield*, for defendant.

SITTING : WALTON, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J.    The plaintiff was insured in the defendant company to the amout of five hundred dollars upon his stock of goods contained in a frame store. This store with all its contents was wholly destroyed by fire. The policy of insurance contained the following clause : "This entire policy shall be

VOL. LXXXVIII.    32

void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing touching any matter relating to this insurance or the subject thereof, whether before or after the loss."

The defendant claimed that the plaintiff had been guilty of false swearing within the meaning of this provision in the contract, both in connection with his proofs of loss and in his testimony as a witness on the stand, and was not therefore entitled to recover.

The verdict was for the plaintiff for $520, and the case comes before this court on exceptions, and motion for a new trial.

Exceptions. Among other things the court instructed the jury, upon the question of fraud and false swearing, as follows: "And if a man attempt to defraud the company by reason of false swearing, then by our statute he has forfeited his whole claim. . . . . If he is blameless in these particulars, but although inaccurate, although he has made misstatements that are not chargeable to his dishonesty, not chargeable to his falsehood, not chargeable to his desire and determination to cheat and defraud, and deceive, but are mere mistakes of either judgment or memory, then gentlemen you will deal with the witness accordingly. Punish no man for mistake, but visit condemnation upon men who are false and fraudulent, and upon such only. . . . . . The whole matter is for you, and it is for you to say whether this man has met with a loss by misfortune and has not attempted by false swearing to defraud the insurance company. If a preponderance of the evidence in the case satisfies you that, having met with a loss by fire that occurred by misfortune, without fraud on his part, why, . . . . . then, gentlemen, he is entitled to recover in this case. . . . . . And if you find his claim honest, untainted by fraud and false swearing, it is your duty to remunerate him."

These disconnected portions of the charge of the presiding justice form the basis of the defendant's bill of exceptions; and the gravamen of the defendant's complaint is that "fraud

and false swearing " are terms that the court used conjunctively
and not disjunctively ;— that the court should have discriminated
between fraud and false swearing by employing the disjunctive
" or" instead of the conjunctive " and," and the language of the
charge should have been that the duty of the jury was to
remunerate the plaintiff if they found his claim honest, untainted
by fraud *or* false swearing, instead of " untainted by fraud and
false swearing."

But this is a discrimination altogether too subtle and refined
in its application to the case under. consideration. The fraud
relied on by the defense, so far as it relates to these exceptions,
is false swearing, and false swearing is fraud. False swearing
consists in knowingly and intentionally stating upon oath what
is not true. A false statement intentionally and knowingly, or
fraudulently made, certainly constitutes fraud ; and the state-
ment of a fact as true which a party does not know to be true,
and which he has no reasonable ground for believing to be true,.
is fraudulent. *Leach* v. *Insurance Co.* 58 N. H. 245 ; *Harding* v.
*Randall,* 15 Maine, 332 ; *Hammatt* v. *Emerson,* 27 Maine, 308..
It was immaterial, therefore, whether the language employed
was " fraud and false swearing," or " fraud or false swearing."
The significance of these expressions is the same when taken in
connection with the issue before the jury, and the subject matter
to which they related.

There is no contention but that the court gave the jury
instructions that if the plaintiff had knowingly made a false
statement upon oath in reference to some material matter, it
would avoid the policy. But it is insisted that these portions
of the charge excepted to really modify that proposition by
requiring the jury to find, as a requisite to fraud and false
swearing, that the statement or testimony must not only be
false, but made with an intent to defraud the company.

We do not so understand the instructions. The court defined
the difference between a misstatement honestly made, a mistake
either of judgment or memory, and statements that were know-
ingly and intentionally false. Upon examination of the charge
in connection with the fragmentary portions about which com-

plaint is made, we think it was in accordance with the law as laid down in *Dolloff* v. *Insurance Co.* 82 Maine, 266, and *Claflin* v. *Insurance Co.* 110 U. S. 81, which hold that where a clause like the one mentioned is contained in the policy, and the insured knowingly and purposely makes a false statement on oath, concerning the subject matter, it vitiates the policy and bars his right of recovery, whether his purpose was to deceive the company or not, for it is " so nominated in the bond."

The exceptions, therefore, must be overruled.

Motion.   We have examined the evidence with care, and that which is set forth in support of the motion as newly-discovered. It is unnecessary and would be unprofitable to epitomize the testimony in an opinion.   From an examination of that upon which the verdict was based, we by no means can say that the verdict was clearly wrong, or that the jury must have been influenced by any improper bias or prejudice in arriving at their conclusion.   In reference to the newly-discovered evidence, we are not so strongly impressed as to feel warranted in granting a new trial.   It has long been the settled doctrine of this court that a new trial will not be granted on the ground of newly-discovered evidence unless it seems to the court probable that it might alter the verdict. *Snowman* v. *Wardwell*, 32 Maine, 275 ; *Handly* v. *Call*, 30 Maine, 9 ; *Todd* v. *Chipman*, 62 Maine, 189. The court very pertinently remarked in *State* v. *Carr*, 21 N. H. 166, that " in deciding motions for new trials on account of newly-discovered evidence, courts have found it necessary to apply somewhat stringent rules, to prevent the endless mischief which a different course would produce."   And this court, in the recent case of *State* v. *Stain*, 82 Maine, 472, 490, had occasion to consider the question and state the doctrine somewhat fully, applicable to cases of this nature, and the decisions are there referred to, which hold that the rule is applicable alike in civil and criminal cases. " Notwithstanding the discretion of the court in such cases," remark the court, " is very broad, and will be exercised by the court in granting a new trial whenever a proper case is presented, yet there are well-settled rules by which the court in this as well as all other cases should be governed.   In

order to warrant a new trial upon the ground of newly-discovered evidence, it should be made to appear that injustice is likely to be done by refusing it, and therefore it becomes necessary for the court to take into consideration the weight and importance of the new evidence, its bearing in connection with the evidence on the former trial, and even the credibility of the witnesses." Tested by these rules, the case before us is one where the verdict should not be disturbed. Much of the alleged newly-discovered evidence is negative in its character,—that which the witnesses did not see or notice. With all of this applied to the evidence in the former trial, its bearing would not, in our opinion, be of sufficient weight to change the result.

In considering the motion we are not to inquire whether taking the newly-discovered evidence in connection with that given on the former trial, a jury might be induced to give a different verdict, but whether the legitimate effect of such evidence would require a different verdict. *Com.* v. *Flanagan*, 7 Watts & Serg. 423; *State* v. *Stain*, 82 Maine, 472, 491.

*Exceptions and motion overruled.*