## TUCKER ET AL. v. WYOMING COAL MINING COMPANY.

### (No. 607.)

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—SUFFICIENCY OF MOTION —CUMULATIVE EVIDENCE—DILIGENCE IN DISCOVERY OF EVIDENCE— SUFFICIENCY OF SHOWING—BOUNDARIES—SURVEYS—EVIDENCE.

1. The boundary line between adjoining quarter sections of land was in dispute, depending upon the true location of the quarter section corner on the south side of the section. On the trial there was no evidence that any one had discovered the stone marking such corner as described in the field notes of the government survey, but there was evidence that it had not been found. A motion for new trial on the ground of newly discovered evidence stated that the government corner stone marking the south quarter corner of the section had been discovered in place since the trial, "all of which will more fully appear from the affidavits hereto attached and submitted herewith, in support of this motion," the affidavits stating fully the manner in which the stone was found, its marking, and the place where discovered. *Held,* on error from an

order granting a new trial, that the motion sufficiently set out the newly discovered evidence, especially in the absence of any objection in the lower court on the ground of the insufficiency of the motion in that respect.

2.  The alleged newly discovered evidence would not be merely cumulative, and, for that reason, insufficient to authorize the granting of a new trial, for it would be direct evidence of the exact location of the corner as originally placed, while on the trial it had been treated as a lost corner and established by secondary evidence, the courses and distances from other recognized original corners; it would be evidence of a distinct fact not shown on the trial—the existence of the original monument.

3.  Cumulative evidence which, though newly discovered, will be insufficient to authorize the granting of a new trial, is evidence of the same kind to the same point; but it is not cumulative if it is of a different character and of a separate and distinct fact.

4.  In retracing the public land surveys, courses and distances must yield to fixed monuments, and where they do not agree, the monuments govern.

5.  Whether due diligence was exercised to discover the new evidence for which a new trial is asked is a question of fact to be determined by the trial court, and its finding should not be disturbed if there was evidence to support it.

6.  A boundary line being in dispute, depending on the location of a quarter section corner which was established on the trial by secondary evidence, owing to the fact that the government stone marking the corner had not been found, and a new trial being applied for on the ground of newly discovered evidence of the existence and exact location of the corner stone; *Held,* that due diligence in discovering the new evidence was shown by the fact that before the trial the party had caused surveys to be made by two competent surveyors, one of whom was the county surveyor.

[Decided November 3, 1909.]                    (104 Pac. 529.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

The action was ejectment brought by the Wyoming Coal Mining Company against Barton Tucker and Saloma Tucker.  Verdict and judgment for the defendants.  A

new trial was granted on motion of the plaintiff, on the ground of newly discovered evidence, and from that order the defendants prosecuted error. The facts are stated in the opinion.

*Stotts & Blume*, for plaintiffs in error.

The new evidence set forth in the motion and in the affidavits filed in support thereof is not so stated as to show that it would in any manner change the dividing line in dispute from where it was placed by the jury upon the trial. Applications for new trial on the ground of newly discovered evidence are not favored and should be granted with caution. (29 Cyc. 881; Canfield v. Jackson, 112 Mich. 120; Lampsen v. Brander, 28 Minn. 526; *In re.* Calvert, 31 Mont. 461; Braithwaite v. Aiken, 2 N. Dak. 57; Moore v. Estes, 35 O. St. 177; Gaines v. White, 1 S. Dak. 434; Wheeler v. Russell, 93 Wis. 135; People v. Sutton, (Cal.) 15 Pac. 86; Moore v. Philadelphia, 5 S. & R. 42; Baker v. Joseph, 16 Cal. 173; Hines v. Driver, 100 Ind. 315.) A case will be reversed, if a new trial is granted, when only cumulative evidence is shown to be discovered, and when no proper diligence is used in procuring the alleged new evidence. (Mowry v. Rabe, 89 Cal. 506; Gish v. Gish, 7 Ind. App. 104; Levitsky v. Johnson, 35 Cal. 41; Baker v. Joseph, 16 Cal. 173; Hines v. Driver, 100 Ind. 315.)

The new evidence must be of a decisive or conclusive character, or such as to render a different result reasonably certain. (Robbins v. Fowler, 2 Ark. 133; Robinson v. Veal, 79 Ga. 633; Lillie v. State, (Neb.) 100 N. W. 316; Moore v. Ewing, 44 Ga. 354; Dugan v. Daniels, 64 Ill. App. 90; Sheley v. Sheley, 47 S. W. 1071; Canfield v. Jackson, (Mich.) 70 N. W. 444; Whipple v. New York, 19 R. I. 587; Cleveland v. Long, 24 O. St. 133.) Evidence is cumulative which tends to prove a fact or issue upon which evidence was offered at the trial. (Olmstead v. Hill, 2 Ark. 346; Grubb v. Kalb, 37 Ga. 459; Beauchamp v. Sconce, 12 Mo. 57; Sheete v. Jones, 24 N. Y. Supp.

637; McGavock v. Brown, 4 Hump. 251; Kirby v. Waterford, 14 Vt. 414.) We are not unmindful of the rule that the matter of granting a new trial was to some extent within the discretion of the court, but that discretion must be reasonably exercised. This court is in as good a position as the trial court to determine whether the facts alleged in the motion and affidavits warranted the granting of a new trial, and unless it appears to this court that a different result would be reached by a new trial, and that reasonable diligence was shown, and that the evidence is not cumulative, then the order granting the new trial should be reversed. The principle of reasonable discretion must be applied together with the rule that new trials are not favored for newly discovered evidence, and with the other rules above stated. Upon the point of diligence there was nothing before the trial court except the affidavits, which are also before this court. The question of cumulative evidence is purely a question of law. This court, therefore, having the whole record before it is in the same position as the lower court to determine the various questions involved.

*Lonabaugh & Wenzell,* for defendant in error.

The evidence shows conclusively that there is a shortage in the section; that the shortage is on the east half, and it is to be determined how the shortage shall be distributed among the adjoining land owners. Government corners as established on the ground must prevail whether they agree with the field notes or not. (Hibbars v. Dusey, 22 Pac. 214; Ogilvie v. Copeland, 33 N. E. 1085.) Corners established by the government surveyors of public lands are conclusive as to the boundaries and divisions thereof, and no error in placing them can be corrected by surveys by individuals or a state surveyor. (Arbier v. Wallace, 28 Miss. 556; Goodman v. Myrick, 5 Ore. 65.) In determining the line between the quarters of the section, the quarter post established by the government surveyors must control in all cases where its location can

be ascertained.  (Vorman v. Dewey, 23 Wis. 530; Bretton v. Ferry, 14 Mich. 53.)  Any difference in acreage should be equally divided among those affected thereby. (Jones v. Kimble, 19 Wis. 452.)  The fact that the Coal Company had employed two competent engineers, neither of whom found the government corner stone referred to, was sufficient to show diligence in securing the necessary evidence.  The newly discovered evidence was not merely cumulative, but had reference to a separate and distinct fact—a new and vital fact in the case, convincingly establishing the disputed corner.  The evidence set out in the motion, therefore, was not cumulative in the sense referred to by the rule preventing the granting of a new trial for new evidence which is merely cumulative.  (Wilson v. Platt, 41 Wis. 94; Guyot v. Butts, 4 Wend, 579; Parker v. Hardie, 24 Pick. 246; Oil Co. v. Morrison, (Cal.) 94 Pac. 589.)

It is a general rule that only on a clear abuse of discretion will the appellate court interfere.  And it is sometimes held that the appellate court must be convinced beyond all reasonable doubt of the abuse of discretion before the action of the lower court will be reversed.  (Smith v. Smith, (Wis.) 8 N. W. 868; Howell v. Howell, (Cal.) 37 Pac. 772; Hellner v. Brown, (Ida.) 12 Pac. 903; London v. Waddick, (Ia.) 67 N. W. 388; Patch v. Ry. Co., (N. Dak.) 63 N. W. 207; Biglow v. Sickles, (Wis.) 44 N. W. 761; Grant v. Grant, (S. Dak.) 60 N. W. 743; Sedan v. Church, 29 Kan. 190; Ry. Co. v. Fields, &c. Co., 85 Pac. 412; Linderman v. Nolan, (Okl.) 83 Pac. 796.)  There was no abuse of discretion in granting the new trial.  Viewing the evidence submitted on the trial most liberally it conclusively proves a shortage in the east half of the section, and this shortage should be equally divided.  The jury was not convinced on the evidence that the corners testified to were the real government corners.  A fact which definitely locates any one of these corners would in all probability be sufficient to warrant another jury in finding for the plaintiff.  It is more than probable that evidence

on the second trial will be so conclusive as to warrant a directed verdict for the plaintiff, and it is only a reasonable conclusion from the action of the trial court that it was satisfied a different result would be arrived at upon a new trial with the production of newly discovered evidence.

BEARD, JUSTICE.

This action was brought by the defendant in error against the plaintiffs in error to recover the possession of a certain strip of land claimed by both parties. The case was tried to a jury, resulting in a verdict and judgment in favor of defendants below. A motion for a new trial made by plaintiff below on the grounds that the verdict and judgment were contrary to and not sustained by the evidence and were contrary to law, was denied; and, within the time allowed by law, said plaintiff moved for a new trial on the ground of newly discovered evidence, which motion was sustained and a new trial granted. From the order granting a new trial, plaintiffs in error bring the case here on error.

It is urged, (1) that the motion does not sufficiently state the newly discovered evidence, (2) that it is merely cumulative, and (3) that it fails to show due diligence in discovering it before the trial.

It appears that the plaintiffs in error are the owners of the SE. ¼ of the NE. ¼ of Section 24, Tp. 57 N., R. 85 W. of the 6 P. M., in Sheridan County, and that the defendant in error owns the SW.¼ of the NE.¼ of said section, and that the matter in controversy in this case is the location of the true boundary line between these two tracts, and that depends upon the true location of the quarter section corner on the south side of the section. Mr. Huntington, the County Surveyor of Sheridan County, testified on the trial to having made a survey of the section but failed to find a properly marked corner which he could identify as the original quarter section corner set by the government surveyors, but that he found a

pile of rock which in courses and distances closely cor-
responded with all original corners found and identified
by him in that locality, except those on the east side of
the section. This pile of rock is about 200 or 300 feet
north and about 700 feet east of where the quarter cor-
ner should be by course and distance from the southeast
corner of the section. The quarter section corner on the
north, which is fully marked as he states, is likewise sub-
stantially the same distance east and north from where
it should be by course and distance from the northeast
corner, but otherwise corresponds in courses and distances
from the other original corners found by him. He found
no corners corresponding either in courses or distances
from the corner at the northeast or the southeast of the
section. From his survey he concluded that the pile of
rock above mentioned was the true location of the original
quarter section corner, and that the east half of the section
was short, and subdivided it accordingly.

Mr. Williams, a surveyor and engineer, also surveyed
this section in June, 1907, and his testimony corroborates
that of Mr. Huntington in nearly every particular as to
the original corners found, as to courses and distances
and that no corners were found in running west from
the section corners on the east side of the section. He
further states that he found, on a previous survey, the
quarter section corner one mile north of the north quarter
section corner of section twenty-four, and that both of
these corners were due north of this pile of rock. Mr.
Worthington, a surveyor, testified that he surveyed west
from the southeast corner of the section for one mile and
found no corners. There was no evidence produced on
the trial by either party that anyone had discovered this
quarter section corner as the same is described in the
government field notes, read in evidence, which describe
the corner as marked by a granite stone 10x8x7 inches,
6 inches in the ground, marked ¼ on north face, and a
pit north of stone and a mound of earth.

We have referred to the evidence for the purpose of showing clearly the character of the evidence produced on the trial as to the location of this corner.

The first objection to the ruling of the district court urged in the brief of counsel for plaintiffs in error is, that the motion does not sufficiently set out the newly discovered evidence. No such objection appears to have been made in the lower court, the motion being resisted there solely on the ground that the newly discovered evidence was cumulative and that the motion and affidavits in its support failed to show diligence. The newly discovered evidence stated in the motion is "the government corner stone, marking the south quarter corner of Section 24, * * * * such corner stone having been discovered in place since the trial of said action, all of which will more fully appear from the affidavits of W. W. Anderson and E. E. Lonabaugh, hereto attached and submitted herewith, in support of this motion." The affidavit of Mr. Anderson states fully the manner in which he found the stone, its marking, and the place where discovered by reference to the place mentioned in the testimony of the witnesses, Huntington and Williams. We think the motion was sufficient, especially in the absence of any objection in the lower court on that ground.

It is next contended that the newly discovered evidence is merely cumulative. It is well settled that a new trial will not be granted on account of newly discovered evidence which is merely cumulative. (Link v. U. P. Ry. Co., 3 Wyo. 680; 14 Enc. P. & P. 811.) Cumulative evidence is evidence of the same kind to the same point; but it is not cumulative if it is of a different character and of a separate and distinct fact. In the case of Building Assn. v. McMullen, 59 Kan. 493, the action was upon a bond which was lost and could not be found at the time of the trial. The surety on the bond denied its execution. On the trial, testimony was offered that the bond was executed and that one of the signatures thereto was that of the surety. The court said: "This was merely the opinion

of experts, which, in character, is distinctly different from the instrument itself upon which the action was brought." And in a former part of the opinion the court said: "The fact that the testimony may tend to prove the same issue upon which proof was offered on the trial, is not enough to make it cumulative; and whether or not it is cumulative is to be determined from its kind and character, rather than from its effect." (Guyot v. Butts, 4 Wend. 579; Protection Life Ins. Co. v. Dill, 91 Ill. 174; Wilson v. Plank, 41 Wis. 94.)

In this case there was no direct evidence as to the location of the corner in question. No witness claimed to have seen it at any time, and there was nothing found by either of the surveyors that could be identified as the original monument placed by the government surveyors to mark the corner. They treated it as a lost corner and proceeded to re-establish it according to the best evidence at their command, which was by courses and distances from other recognized original corners. This evidence was secondary in character and of a lower degree than the monument itself, which, if found in place, was conclusive whether its location agreed with the courses and distances called for in the field-notes or not. In retracing the public land surveys the rule is well settled that courses and distances must yield to fixed monuments, and where they do not agree the monuments govern. In Ogilvie v. Copeland, 145 Ill. 98, the court said: "The field-notes and plat are assumed to be correct, until the contrary is shown, and they are important evidence in ascertaining where monuments are located; but if the location of the monument is clearly shown by other evidence to be at a distance different than that given in the field-notes and plat, they must give way." To the same effect see Britton v. Ferry, 14 Mich. 53; Hess v. Meyer, 73 Mich. 259; Nesselrode v. Parish, 59 Ia. 570; Doolittle v. Bailey, 85 Ia. 389; Vroman v. Dewey, 23 Wis. 530; Greer v. Squire, 9 Wash. 359; Goodman v. Myrick, 5 Ore. 65. We think the difference in the character of the evidence produced upon

the trial, and the newly discovered evidence is clear. The former consisted solely of facts from which, in the absence of better evidence, the location of the lost corner may be arrived at as near as may be; while the latter is direct evidence of the exact location of the corner as originally placed. It is evidence of a distinct fact, namely, the existence of the original monument, a fact not shown upon the trial. We think the evidence was not merely cumulative and that there was no error in sustaining the motion on that ground.

The remaining contention is, that diligence to discover the new evidence before the trial is not shown. Whether due diligence was exercised in that respect was a question of fact to be determined by the trial court, and his finding should not be disturbed if there was evidence to support it. It appears that before the trial the plaintiff below caused surveys of the section to be made by two competent surveyors, one of whom was the County Surveyor. This of itself, we think, shows such diligence as men of ordinary prudence exercise in such matters and warranted the court in so finding.

Finding no error in the record, the judgment of the District Court is affrmed.       *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.