Argued December 23, 1913, decided January 13, rehearing denied February 17, 1914.

# WILLIS v. HORTICULTURAL FIRE RELIEF.*

### (137 Pac. 161.)

**Exceptions, Bill of—Requisites—Incorporation of Evidence.**

1. A purported bill of exceptions, including only a copy of the instructions, with a note of exceptions to four of them, and containing no statement of so much of the evidence or other matter as is necessary to explain it, as provided by Section 171, L. O. L., is not a proper bill of exceptions, though accompanied by a transcript of all the evidence, exhibits and instructions.

> [As to necessity of objection, as well as exception, in order to preserve for review giving of instruction, see note in Ann. Cas. 1912B, 1231.]

**Appeal and Error—Review—Evidence.**

2. The Supreme Court will not review the evidence on the appeal of a law case at the suggestion of the appellant to determine what verdict should have been rendered, though it may, when it has determined that there is error, examine the evidence to determine whether it may affirm notwithstanding the error or direct what judgment shall be entered.

**Appeal and Error—Record—Questions Presented for Review.**

3. Though a bill of exceptions contains no statement of the evidence or other matters necessary to explain it, yet if instructions objected to appear, in the light of the pleadings, to be erroneous, they may be reviewed.

**Insurance—Forfeiture—False Proofs of Loss.**

4. Under the provision of an insurance policy provided for by Section 4666, L. O. L., that the policy shall be void in case of any fraud or false swearing by the insured relating to the insurance, whether before or after a loss, false swearing as to a loss, to avoid the policy, must have been knowingly and willfully false, with the effect of deceiving and misleading.

**Insurance—False Proofs—Fraud—Intention.**

5. In an action on a policy which provides that it shall be void in case of fraud or false swearing by the insured, instructions that the false statement must have been made with knowledge of its falsity "and with the intention of defrauding the company" are erroneous in adding the quoted qualification.

> [As to when concealment or misrepresentations avoid an insurance policy, see note in 35 Am. Rep. 629.]

---

*The question of the effect of false swearing in proofs of loss is discussed in a note in 32 L. R. A. (N. S.) 453.   REPORTER.

From Lake: HENRY L. BENSON, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by Richard Willis and E. R. Willis, partners doing business under the firm name and style of Willis Furniture Company, against the Horticultural Fire Relief of Oregon, a corporation, to recover upon two fire insurance policies covering the same stock of goods, one for the sum of $2,000 and the other for $4,000, for loss sustained by a fire which occurred on February 5, 1912; plaintiffs alleging total loss of $7,200. The insurance company as a defense alleges, among other things, that plaintiff's loss by the fire was only $3,000; that the proof of loss sustained by plaintiff shows the stock of goods insured in total as of the value of $9,968.97, when in fact plaintiff Richard Willis, who made affidavit as to the amount of the loss, himself saved from the fire five pieces of furniture of the value of $70, and stated in his proof that at the time of the fire there were 81 iron and brass bedsteads of the stock destroyed, of the value of $451, when in fact there were but 32, making other false statements as to the amount or value of the loss. The case was tried before a jury, and judgment rendered in favor of plaintiff for $6,000, from which judgment defendant appeals.    REVERSED.

For appellant there was a brief over the names of *Mr. John Bayne* and *Mr. L. F. Conn,* with an oral argument by *Mr. Bayne.*

For respondent there was a brief over the names of *Mr. J. C. Rutenic, Mr. W. Lair Thompson* and *Mr. J. S. Kent,* with an oral argument by *Mr. Rutenic.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. In the record we find what is certified as the bill of exceptions, which includes only a copy of the in-

structions to the jury given by the court with a note of exceptions to four of them, containing no statement of ''so much of the evidence or other matter as is necessary to explain it,'' as provided by Section 171, L. O. L.: See *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12, 991). Some attorneys seem to have concluded that because by the amendment of the Constitution either party to the appeal may bring up the transcript of all the evidence, exhibits and instructions, they may rely on that record to supplement the bill of exceptions, or even to take the place of it. In this case there are over 400 typewritten pages of the evidence and instructions, and we cannot recognize that as a bill of exceptions. This question was discussed and decided by Mr. Justice BURNETT in the case just cited, where it holds that the transcript of evidence will not take the place of a bill of exceptions.

2. This court will not review the evidence on the appeal of a law case at the suggestion of the appellant to determine what verdict should have been rendered. The purpose of that provision of the Constitution was that, if the appellate court finds that the trial court committed error, then it may examine the evidence, and if the verdict was such as should have been rendered, notwithstanding the error, it may affirm it, or if the judgment appealed from should be changed, and it can determine what judgment should be entered, it may direct such judgment to be entered; but unless the appellate court determines that the trial court committed error, which it will ascertain exclusively from the pleadings and bill of exceptions, except in case of a motion for a nonsuit or a directed verdict, it will have no occasion to examine the transcript of evidence, which in this case would be a tedious undertaking.

3. However, if any of the instructions objected to appear, in the light of the pleadings, to be erroneous, such instruction may be reviewed and the propriety of exceptions 1, 2, and 4 in this case may be examined upon the facts as admitted in the pleadings.

4. These three involve the same point, that the false swearing charged in the answer to avoid the policy must have been willful, intentional, deliberately false and fraudulent. The language of the policy involved on this question, as set out in the answer and admitted in the reply, provides: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material facts or circumstances concerning this insurance or the subject thereof; or if the interests of the insured * * be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss." This provision of the policy is provided for by Section 4666, L. O. L. The terms "fraud" and "false swearing," being used together, must have the same application, and the false swearing must have been knowingly and willfully false; its effect being to deceive or mislead: *Franklin Ins. Co.* v. *Culver*, 6 Ind. 137; *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 81 (28 L. Ed. 76, 3 Sup. Ct. Rep. 507).

5. The only controversy here is in regard to the effect of the language repeated several times in the instructions and excepted to, namely, "And with intention of defrauding the company." Similar language is repeated three times in the instructions. The first instruction containing this clause is as follows:

"Although the policies of insurance in this case contain a provision that 'in case of any fraud or false swearing by the insured touching any matter relating to the insurance, or the subject thereof, whether before

or after loss,' the policy shall be void, the untrue statement, in order to avoid the policy, must have been knowingly and intentionally made by the insured with knowledge of its falsity and with the intention of defrauding the company."

Thus the court impresses the jury with the fact that plaintiff Richard Willis, knowingly and intentionally swearing falsely, with knowledge of such falsity, was not sufficient to avoid the policy, but that the intention to defraud the defendant must also be shown, the burden of which by previous instructions is cast upon the defendant. Although false swearing knowingly and intentionally done is evidence of the fraud and of the intention to injure the defendant, yet the court includes as a necessary additional element of proof the intention to defraud. This, we think, was error: *Ellis* v. *Insurance Co.,* 7 Pa. Super Ct. 264; *Marion* v. *Great Republic Ins. Co. of St. Louis,* 35 Mo. 148.

As said in *Dolloff* v. *Insurance Co.,* 82 Me. 266, 19 Atl. 396, 17 Am. St. Rep. 482:

"When the actual losses, truly stated in the proof of loss, exceed the whole amount of the insurance, will a knowingly and purposely false statement on oath in the proof of loss, or other pretended losses, destroy plaintiff's claim for his actual losses under such a policy as this? We cannot doubt that it will. The parties stipulated that it should. It is so provided in the contract, and it is a lawful provision."

The object of an insurance policy is only one of indemnity, and requires good faith on the part of the assured toward the insurer. Especially is this so in the adjustment of the loss after a fire. Insurers usually require from the assured a detailed statement on oath of the loss as a necessary preliminary to the payment of the indemnity. This is a requisite of our statute also. We think the court was not at liberty to change the language of the policy quoted above and

to add thereto a requirement of the additional proof of the intention. The demand of the statute and of the policy for such a statement is addressed to his conscience. When, therefore, he meets the demand with knowingly false statements of losses he did not sustain in addition to those he did, he should lose his standing in a court of justice as to any claim under that policy. This is the substance of what is said in *Dolloff* v. *Insurance Co., supra,* where it is further stated that false swearing by itself is made a cause for forfeiture.

In *Linscott* v. *Insurance Co.,* 88 Me. 497 (34 Atl. 405, 51 Am. St. Rep. 435), it is said:

"Where a clause like the one mentioned is contained in the policy, and the insured knowingly and purposely makes a false statement on oath, concerning the subject matter, it vitiates the policy and bars his right of recovery, whether his purpose was to deceive the company or not, for it is 'so nominated in the bond.'"

This is also directly held in *Claflin* v. *Commonwealth Ins. Co.,* 110 U. S. 81 (28 L. Ed. 76, 3 Sup. Ct. Rep. 507), as stated in the syllabus:

"A policy of insurance against loss by fire contained a clause to the effect that in case of loss the assured should submit to an examination under oath by the agent of the insurer, and that fraud or false swearing should forfeit the policy. The insured, after loss, submitted to such examination, and made false answers under oath respecting the purchase and payment of the goods assured. Although it appeared that the statements were not made for the purpose of deceiving the insurer, but for the purpose of covering up some false statements previously made to other parties, held, the motive which prompted them was immaterial, since the question related to the ownership and value of the goods, and were material, and that the attempted fraud was a breach of the condition of the policy and a bar to recovery."

We leave out of account any consideration of false swearing in ignorance of the facts or by mistake which would not avoid the policy, being guarded by the instruction given expressly cautioning the jury, namely: "The untrue statement, in order to avoid the policy, must have been knowingly and intentionally made by the insured with knowledge of its falsity." Such an oath in such a case would be moral fraud and not merely legal fraud. This is the effect of all the decisions cited above. This error, being sufficiently disclosed by the instructions as applied to the facts admitted in the pleadings, is sufficient to reverse the case.

The cause is reversed and remanded.    REVERSED.

MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.