SIOUX FALLS STOCK YARDS COMPANY, Respondent, v. ASH, Appellant.

(177 N. W. 761.)

(File No. 4615. Opinion filed May 24, 1920).

1. **Contracts—Keeping, Feeding Livestock In Stock Yards Without Expense—Conflicting Evidence of Parties—New Trial, Newly Discovered Evidence Re Free Storage and Feed, Whether Cumulative—Exception to Rule.**

Where, in a suit by stock yards company to recover for keeping and feeding defendant's stock at plaintiff's yards, the judgment for defendant was based upon conflicting testimony of the parties, held, that an affidavit presented by defendant on motion for new trial based upon newly discovered evidence, that affiant would testify he was present and heard the conversation constituting the contract in question between defendant and plaintiff's, agent and that it was in substance that

defendant should keep and feed his stock in said yards at said time free of storage and feed expense, did not constitute cumulative evidence; the circumstances in case at 'bar being within exception to general rule relative to cumulative evidence where evidence on trial was only that of interested parties.

2.   **Agency—Stock Yard's Agent, General Business Manager, Vice Principal, Ostensible Authority of to Contract re Storage and Feed Expenses—Evidence re Contract, Materiallity.**

Where, on motion for new trial on ground of newly discovered evidence, the forthcoming testimony of one who was present when the conversation between defendant and plaintiff's stock yards agent and manager constituting the contract in question was had, was presented by affidavit, held, that such proposed evidence was not immaterial on the ground of said agent's want of authority to contract for plaintiff; it appearing that the agent was in general management of plaintiff's stock yard's business, and was its vice-principal, and he therefore had at least ostensible authority to make such contract.

Whiting, J., dissenting.

Appeal from Circuit Court, Minnehaha County. ' HON. JOSEPH W. JONES, Judge.

Action by the Sioux Falls Stock Yards Company, a corporation against Ben C. Ash, to recover damages for keeping and feeding defendant's stock at plaintiff's stock yards. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.

*G. J. Danforth,* and *E. E. Wagner,* for Appellant.
*Hugh S. Gamble,* for Respondent.

(2)   To point two of the opinion, Respondent cited: Groeltz v. Armstrong Real Estate Co., 89 N. W. 21.

McCOY, P. J.   Action to recover for keeping and feeding stock of defendant at the stockyards of plaintiff at Sioux Falls. Trial by the court and findings and judgment for plaintiff, from which defendant appeals.

[1]   Appellant moved for new trial on the ground, among others, of newly discovered evidence. The overruling of such motion is assigned as error. Defendant, the appellant, admitted that his stock were kept and fed at respondent's stockyards, at said time and place, but alleged they were so kept and fed pursuant to an express agreement between appellant and respondent's agent

that said stock should be so kept and fed without expense to appellant. The only witnesses who testified on the trial as to said contract were appellant and said agent of respondent. There was a direct conflict in their testimony. One O. was present at the time of the making of said contract. O. was a traveling man whose duties called him to various parts of the United States. Appellant, as shown by the record, used due and timely diligence to discover the whereabouts of O., that his testimony might be obtained at the trial, but was unable to do so. After trial appellant discovered the whereabouts of O., and secured and presented his affidavit on the motion for new trial. In affidavit O. states that upon a new trial he would testify that he was present and heard the conversation that constituted the contract between appellant and respondent's said agent, and that the substance of said conversation was that appellant should keep and feed his said stock in said stockyards at said time free of storage and feed expenses. It is urged by respondent that said newly discovered evidence is cumulative, and furnishes no ground for new trial. We are of the opinion that the circumstances of this case are within the exception to the general rule relating to cumulative evidence, where the evidence on the trial was only that of interested parties. Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72.

[2] It is also urged that said newly discovered evidence is immaterial on the ground that said agent of respondent was not authorized to enter into or bind respondent by said contract. It appears that said agent was in the general management of respondent's said business at Sioux Falls at said time, and was vice-principal of respondent, and had at least ostensible authority to make such a contract.

The judgment and order appealed from are reversed, and the cause remanded for new trial.

WHITING, J. (dissenting.) The record herein does not, to my mind, present a case of "newly discovered evidence" relating to what took place at the time of the making of the alleged contract, but a case where a known witness was not present at the trial and no motion for continuance was presented. This fact brings this case directly under the rulings of this court in State v. Barnes, 26 S. D. 622, 129 N. W. 116, and State v Gregory, 31 S. D. 425, 141 N. W. 365.