ZARNEKE, et al., Appellants, v. KITZMAN, Respondent.

(183 N. W. 867.)

(File No. 4881.   Opinion filed July 16, 1921.)

1.   **Brokers—Recovery of Land Sale Commission—Controversy Over Sale Terms Preventing Consummation—Lost Letter Containing Offer, Oral Testimony Re Commission, Terms, and Re Lost Letter, Oral Evidence Re, Whether Material—Calling**

Adverse Witness to Produce Lost Letter, Effect Re Competency.

In a suit for commission on realty sale, the evidence showing no sale consummated because of controversy between plaintiffs and defendants over terms of listing contract; held, that oral testimony by plaintiffs as to commission, terms and conditions of listing contract and that they had advised defendant by telegram letter that they had sold his land on terms specified, was competent and material; plaintiffs themselves having stamped the letter as material, by calling defendant as an adverse witness to produce it, and in its absence having been permitted to show its contents both by defendant and one of plaintiffs.

2. Same—Alleged Sale to B—Conflicting Evidence Re Letter, Whether Letter Impeaching Evidence.

Under the pleadings the right to recover commission depended on whether plaintiffs sold the land to B. for $80 per acre and were entitled to recover as commission $15 per acre, the excess over list price; and, the evidence as to contents of letter being conflicting, defendant having testified that its contents were: "We ain't sold your land yet, we are going to take it over ourselves. Come up for settlement," while defendants counsel's affidavit showed that the discovered letter reads: "Can you come here for settlement for farm; if not wire us. Haven't sold yet but will take it over ourselves;" the letter itself would tend to rebut plaintiffs' testimony to effect that the land had been sold to B, and while not strictly impeaching evidence may indirectly have that effect.

3. Same—Whether Letter As Primary, is Cumulative—Discovery of Letter, Effect Re New Trial.

Said letter is not cumulative evidence; sworn evidence as to its contents being secondary, the letter itself was primary. So held, in considering whether its discovery was ground for new trial.

4. New Trial—Whether Evidence "Newly Discovered" and "Material". Under Statute, Lost and Re-discovered Letter, Whether Newly Discovered—Materiality, Depending Upon Probability of Different Verdict, Impeaching Character a Corollary Thereto

Under Subd. 4, Sec. 2554, Code 1919, concerning new trial based upon "newly discovered" and "material" evidence, held, that a letter relating to a transaction of sale of realty involving brokers' commission, which has been lost or mislaid through excusable mistake or inadvertence and could not with due diligence be made available at trial, but is subsequently found, is newly discovered within said statute. The materiality of newly discovered evidence depends upon probability of a different ver-

dict on new trial; and the statement that such evidence may not be impeaching or cumulative is merely corollary to a probable change of verdict.

5.  **New Trials—Judicial Discretion Involved, Non-disturbance Except for Abuse—Trial Court's Presumptive Superior Knowledge Re Evidence.**

Granting of new trial upon newly discovered evidence is largely discretionary with trial court, not disturbable except for manifest abuse, and trial court's consideration of weight of new evidence and its effect, etc., and presumptive knowledge of aspects of case cannot appear in printed record.

..Whiting, J., concurring specially.

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by A. V. Zarneke and E. T. Fryer, against Mike Kitzman, to recover a commission on an alleged sale of realty. From an order granting defendant a new trial, plaintiffs appeal. Affirmed.

*Null & Royhl,* for Appellants.
*Moriarty & Erwin,* for Respondent.

SMITH, J. Appeal from an order granting defendant a new trial upon the ground of newly discovered evidence. No other errors are assigned, and the record contains only such matters as are technically material to a review of the order.

The action was to recover commissions for the alleged sale of 640 acres of land owned by defendant, which plaintiffs claim was listed with them on the following terms, namely: Price, $65 per acre; $2,500 cash upon execution of a contract of sale; $7,500 to be paid March 1, 1920, balance in 10 years from March 1, 1920, with interest at 6 per cent. per annum. Plaintiffs allege that they sold the land for $80 per acre to one Philip Baker, who executed a written contract evidencing the sale, and paid $3,200 cash, and that the terms of the sale were in accordance with the terms prescribed in the listing contract. Defendant's answer admits that he listed the land with plaintiffs for sale, but denies that the terms of sale were as claimed by plaintiffs, and alleges that the listing was specifically limited to a period ending July 1, 1920, and denies that plaintiffs made any sale of the land prior to July 1st.

At the trial the plaintiff Zarneke testified that the day the land was sold to Baker he wrote out a telegram to defendant,

dated June 23d, and took it down to the depot, to wire that they had sold his land to Baker; that he could not send the wire because of a telegraphers' strike; that he put the written telegram in a telegraph envelope, addressed it to defendant, and mailed it on the passenger train; that he received a reply the 25th or 26th of June in which defendant Kitzman told him it was impossible for him to leave before the 4th of July, but that he would be there the first of the following week; that on June 30th he again wrote defendant Kitzman notifying him that he had deposited the money for the first payment to his credit at the State Bank of Doland, and asked him to come up and close the deal; that Kitzman came up the 8th or 9th of July.

Defendant Kitzman, called by plaintiffs as an adverse witness, testified that he did not have the letter of June 23d, had given it to his attorney, and did not know what had become of it; that he had searched for it everywhere, but was unable to find it; that he knew its contents; that it was received through the mail; that it was in substance:

"We ain't sold your land yet; we are going to take it over ourselves. Come up for settlement."

As a witness on his own behalf, Kitzman testified that he came up on July 8th; that he went up to the office and saw Mr. Zarneke—

"and told him I was there after my money. He said: 'It was a March 1st settlement,' and I said, 'It wasn't. If the land was sold I wanted my money, the $10,000.' He refused to do anything. Nothing further was said; saw Mr. Fryer the following day, and demanded the $10,000. Fryer said: 'That wasn't the agreement.' "

Both Zarneke and Fryer were witnesses at the trial, but neither was interrogated as to the contents of the telegram letter of June 23d. At the time of the trial, the letter had been lost or mislaid by defendant's counsel, and could not be produced.

Upon the motion for a new trial, Mr. Moriarty, defendant's counsel, presented an affidavit stating, in substance, that during the trial he had made diligent search through the files of his office for the letter, but was unable to find it; that after the trial he discovered it among the papers and files in another case; that the letter attached to his affidavit is the original letter handed to

him by the defendant Kitzman, and will be identified as such by Mr. Kitzman; that the letter was dated June 23d, and reads as follows:

"Can you come here for settlement for farm; if not, wire us. Haven't sold yet, but will take it over ourselves.    Zarneke & Fryer."

The record before us discloses that no sale was consummated because of a controversy between plaintiffs and defendant Kitzman over the terms of the listing contract, plaintiffs claiming that it provided a cash payment of $2,500 upon the execution of the contract and a further cash payment of $7,500 on the following March 1st, while defendant insisted he was to receive a cash payment of $10,000 upon consummation of the sale.

At the trial, over defendant's objections, plaintiffs were permitted to give oral testimony as to the commission to be paid and the terms and conditions of the listing contract, and also oral testimony that they had advised Kitzman by the telegram letter of June 23d and another letter of June 30th that they had sold his land to Baker upon the terms specified in the listing contract. Defendant denied the sale, and denied having received the latter communication.

Appellants' contention is that the telegram letter of June 23d is not material evidence, being cumulative; that it is not sufficiently strong and of such a decisive character as to render a different result reasonably certain; that the only claim that can be made is that it tends to impeach Zarneke and corroborate the defendant; that there was not such showing of diligence in respect to the letter as would warrant the granting of a new trial.

[1]  We are of the view that the evidence is material.  The plaintiffs themselves stamped the letter as material evidence in the case when they called defendant as an adverse witness to produce it, and in its absence were permitted to show contents by secondary or oral evidence of defendant, and the plaintiff Zarneke was also permitted to testify to its contents as materially different in probative effect.  Defendant's answer denied the alleged sale to Baker.

[2]  Plaintiffs' right to recover depended wholly upon the claim that on June 23d they had sold the land to Baker for $80 per acre, and were entitled to recover as commission $15 per acre,

the excess over the list price. The complaint contains no allegation which would sustain a recovery upon any other theory. There was a direct conflict in the evidence as to the contents of the letter. The letter itself would tend to rebut the evidence of Zarneke to the effect that they had sold the land to Baker, and is not strictly impeaching evidence, though it may indirectly have that effect. Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72; Kellogg v. Finn, 22 S. D. 578, 119 N. W. 545, 133 Am. St. Rep. 945, 18 Ann. Cas. 363; Sioux Falls Stockyards Co. v. Ash, 177 N. W. 761.

[3] It is not cumulative evidence. Oral evidence as to its contents was secondary—the letter itself is primary. Mullong v. Mullong, 178 Iowa, 552, 159 N. W. 994. In an action on a note which, during the trial, was supposed to have been lost, the instrument itself thereafter discovered was held not to be cumulative evidence, being of a higher grade than that produced at the trial. Platt v. Munroe, 34 Barb. (N. Y.) 291. In another case the terms of an insurance policy were in issue at the trial. The discovery of the policy iself was held sufficient to justify the granting of a new trial. Protection Life Insurance Co. v. Dill, 91 Ill. 174; Tucker v. Wyoming Coal Min. Co., 18 Wyo. 97, 104 Pac. 529; Mitchell v. Bass, 26 Tex. 372; Guth v. Bell, 153 Iowa, 511, 133 N. W. 883, 42 L. R. A. (N. S.) 692, Ann. Cas. 1913E, 142.

[4] In this state a new trial may be granted on the ground of newly discovered evidence material to the party making the application which he could not with reasonable diligence have discovered and produced at the trial. Subdivision 4, § 2555, Code 1919. Upon such an application the matters to be considered are whether the evidence is "newly discovered" and "material" within the meaning and purview of the statute. In this case the alleged newly discovered evidence is the written instrument itself, as well as its contents. We are of the view that where a written instrument, evidentiary in character, has been lost or mislaid, through excusable mistake or inadvertence, and could not with due diligence be made available at the trial, and where such instrument is subsequently found or discovered, it may properly be considered as newly discovered, within the meaning of the statute, and

that this view is sustained by the decisions above cited. . Waite v. Fish, 17 S. D. 215, 95 N. W. 928.

The materiality of newly discovered evidence is measured by the probability of a different verdict if a new trial is had. The statement that such evidence may not be impeaching or cumulative is merely corollary to a probable change of verdict.

In Mercer v. King, 42 S. W. 106, 19 Ky. Law Rep. 781, the newly discovered evidence consisted of a writing which had been lost, concerning the provisions of which there was a conflict of evidence. The court held that the instrument itself might have a preponderating influence in the decision of the issue. Kellogg v. Finn, 22 S. D. 578, 119 N. W. 545, 133 Am. St. Rep. 945, 18 Ann. Cas. 363.

[5] The matter of granting new trials upon newly discovered evidence is largely discretionary with the trial court, and the exercise of such discretion will not be disturbed except in case of manifest abuse. In such cases, the trial court necessarily takes into consideration the weight of the new evidence and its probable effect in connection with the evidence in the former trial, and even the credibility of the witnesses, and presumptively possesses a knowledge of aspects of the case which cannot be made to appear in a printed record. Linscott v. Orient Inc. Co., 88 Me. 497, 34 Atl. 405, 51 Am. St. Rep. 435; In re Colbert, 31 Mont. 461, 78 Pac. 971, 80 Pac. 248, 107 Am. St. Rep. 439, 3 Ann. Cas. 952; Louder v. Hunter, 27 S. D. 271, 130 N. W. 774; Alderson v. Larson, 28 S. D. 369, 133 N. W. 809.

In Berggren v. Mutual Life Insurance Co., 231 Mass. 173, 120 N. E. 402, commenting on the matter of discretion in granting new trials because of newly discovered evidence, the court said:

"Of course all the elements present on this record do not require, as matter of law, the granting of a new trial. All that need be said is that they afford adequate foundation for the exercise of judicial discretion to that end, provided in the opinion of the presiding judge it was wise, in order to accomplish justice."

The order of the trial court is affirmed.

WHITING, J. (concurring specially.) No "newly discovered" evidence was presented to the trial court on motion for new trial. What constitutes "newly discovered" evidence is clear

under the authorities—it is evidence of which the party had no knowledge at the time of the trial. What is spoken of in this record as "newly discovered" evidence is in fact evidence known to both parties but which at the time of trial, was lost. But in this case, as in Waite v. Fish, the evidence was treated by both parties as "newly discovered," and no question is raised by appellants based upon its being "lost," and not "newly discovered." While this requires us to rule as though the evidence were in-fact "newly discovered," it does not justify us in designating it as "newly discovered." That the law as to one's rights upon the discovery after trial of new evidence has no rightful application to "lost" evidence is recognized. See Smith v. Smith, 119 Cal. 183, 48 Pac. 730, 51 Pac. 183; Inv. Co. v. Stoutt, 54 Utah, 100, 180 Pac. 182. As stated in 29 Cyc. 885:

"Where written evidence was lost or missing at the time of the trial, he (the moving party) must have asked for a continuance or delay to enable him to produce such * * * evidence."

That this decision may not mislead the bench and the bar as Waite v. Fish seems to have done, we should sustain the lower court, not because the evidence was in fact newly discovered, but because it was so treated by appellants in the trial court.