## CLARKE, Appellant, v. PELTER, Respondent.

### (195 N. W. 442.)

(File No. 5093.   Opinion filed October 18, 1923.)

1. **New Trial—Appeal and Error—Motion for New Trial May Be Made at Any Time Before the Close of the Term Next Succeeding that at Which the Trial Was Had.**

   A motion for new trial for newly discovered evidence, though the affidavits in support thereof are not served within 20 days after service of notice of intention to move for new trial, as required by Rev. Code 1919, Sec. 2556, may be entertained under subdivision 1 of section 2557, providing that a motion for new trial on the above grounds may be made at any time before the close of the term next succeeding that at which trial was had.

2. **New Trial—Motions—Affidavits—Filing of Rebutting Affidavits Properly Permited.**

   The court properly permitted the moving party to file affidavits to rebut the counter affidavits on motion for new trial, though there was no statute forbidding or permitting such practice.

3. **New Trial—Diligence—Whether New Evidence Warranted a New Trial and Whether There Was Diligence Were Matters in Discretion of Trial Court.**

   Whether there was a lack of diligence in securing newly discovered eivdence, or whether it was new evidence, and not cumulative, were matters within the discretion of the trial court.

4. **Appeal and Error—Motions—New Trial—Order Granting New Trial Affirmed, Unless Discretion Abused.**

   An order granting a new trial will be affirmed, where the appellate court cannot say, on considering the record or indulging in the presumption that a new trial will result in justice to both parties, that the trial court abused the discretion committed to it.

Appeal from Circuit Court, Custer County; Hon. WALTER G. MISER, Judge.

Action by Harry Clarke against George Pelter. Judgment for plaintiff. From an order granting a new trial, plaintiff appeals. Affirmed.

*Williams, Sweet & Tscharner,* of Rapid City, for Appellant.

*Buell, Denu & Philip,* of Rapid City, and *Hayes & Heffron,* of Deadwood, for Respondent.

(1) To point one of the opinion, Appellant cited: Rev. Code 1919, Sec. 2557; Parrott v. City of Hot Springs, 9 S. D. 202; Taxinger v. Minneapolis Ry. Co., 23 S. D. 90; Bear River v. Bales, 24 Ga. 354; Vol. 3, Kerr's Cyc. Codes, Sec. 659; Crofford v. Crofford (Cal.), 157 Pac. 561; Thompson on Trials, Vol. 2, Sec. 2760; Henry v. Murguire, 57 Cal. 503, 39 Pac. 599; Wheeler v. Kames, 125 Cal. 51, 57 Pac. 893; Bunnel v. Stockton, 83 Cal. 319, 23 Pac. 301; Beach v. Spokane Ranch & Water Co. (Mont.), 65 Pac. 106; Howe v. Briggs, 17 Cal. 386; 29 Enc. L. and Pro. 1003.

Respondent cited: Rev. Code 1919, Sec. 2556, Sec. 2557; 23 C. J. 105; Whilte v. Harvey (Ia.), 157 N. W. 152; McKittrick v. Pardeen, 8 S. D. 39, 65 N. W. 23; Reid v. Ehr, 36 N. D. 552, 162 N. W. 903; Myers v. Mitchell, 1 S. D. 249, 46 N. W. 245.

(3) To point three, Appellant cited: Rev. Code 1919, Sec. 2555; 14 Enc. of Pl. and Prac. 780; Gaines v. White, 1 S. D. 442; Grigsby v. Woven et al, 20 S. D. 628; Longley v. Daly, 1 S. D. 266; Demmon v. Mullen, 6 S. D. 556; Braithwaite v. Aiken (N. D.), 49 N. W. 422; Oberlander v. Fixen & Co., 129 Cal. 690; Boar v. Brewster (Ia.), 36 N. W. 651; McGregor v. Great Northern R. Co., 31 N. D. 471; Spelling, New Tr. & App. Pr., Sec. 218; 20 R. C. L. 309; Gaines v. White, 1 S. D. 266; Ernster v. Christianson, 24 S. D. 109; Ochsenreiter et al v. G. C. Bagley Elevr. Co., 11 S. D. 93, 20 R. C. L. 309.

Respondent cited: Altfillisch v. Smith (S. D.), 185 N. W. 968; Whitney Loan & Trust Co. v. Brown, 172 N. W. 875, 42 S. D. 95; Alderson v. Larson, 133 N. W. 809, 28 S. D. 369; Keck v. Kavanaugh (N. D.), 177 N. W. 99, 20 R. C. L. 290; Henderson v. Edwards (Ia.), 183 N. W. 583, 16 A. L. R. 1090.

(4) To point four, Appellant cited: Axiom Mining Co. v. White et al, 10 S. D. 202; Wilson v. Seaman, 15 S. D. 105;

Scheffer et al v. Corson et al, 5 S. D. 234; Palmer v. Schurz et al, 22 S. D. 445; Dickman v. Thomas (S. D.), 154 N. W. 812; Demmon v. Mullen, 6 S. D. 557; Hahn v. Dickenson et al (S. D.), 103 N. W. 642; Heyrock v. McKenzie (N. D.), 80 N. W. 763; Braithwaite v. Aiken, 2 N. D. 57, 49 N. W. 419, 20 R. C. L. 295.

GATES, J.   This is an action for damages for the alienation of the affections of plaintiff's wife.   Plaintiff recovered judgment.   The trial court granted a new trial.   This appeal is by plaintiff from the order granting it.

Pursuant to trial courts rule 30, the court made an order in which it was recited that a new trial was granted upon the fololwing ground, viz:

"Newly discovered evidence material to the defendant and which said defendant could not with reasonable diligence have discovered and produced at the trial, as shown by the affidavits served and filed by the defendant.   That the affidavits of Abner J. Mosier, Dennis Spillane, and Smith Garratt show the testimony of the witness Romauld Luzon for the plaintitff at the trial to have been false, and that the other affidavits submitted by the plaintiff show that new evidence can be procured at another trial which would contradict and rebut in many particulars the testimony of the plaintiff and his claims as to his own attitude of the relation with his wife, and as to the conduct of the defendant. That such testimony would be the testimony of disinterested witnesses and would corroborate the testimony of plaintiff's wife that the controlling cause of the separation was the conduct of the plaintiff himself towards his wife.   That in the judgment of the court the defendant is entitled to this new evidence in his defense, and that the same would probably produce a different result in another trial."

[1] It is urged that the trial court was without jurisdiction to hear the motion for new trial upon the ground of newly discovered evidence, for that the affidavits in support thereof were not served within the 20 days after service of notice of intention to move for new trial, as required by subdivision 1, § 2557, Rev. Code 1919.   It is true that said section provides that, if the motion is to be made upon affidavits, the moving party must serve them within 20 days, unless such time is enlarged.   It is also

true that a motion for new trial on the ground of newly discovered evidence can only be made upon affidavits. Rev. Code 1919, § 2556. But the last sentence of subdivision 1 of said section 2557 says that a motion for new trial on the above ground may be made at any time before the close of the term next succeeding that at which the trial was had. In Fuller & Johnson Co. v. Child, 22 S. D. 351, 117 N. W. 523, this court in effect construed the last sentence of said subdivision 1 to take motions for new trial on such ground out from the operation of the 20-day period in the earlier part of said subdivision. We adhere to such construction.

It is urged that the motion for new trial was not made before the close of the term next succeeding that at which the trial was had. Upon this objection being made before the trial court at the time of the hearing of the motion, that court caused the record to show that the succeeding term of court had not been closed at the time the motion was made.

[2] It is urged that the trial court erred in permitting defendant, at the time of the hearing of the motion, to serve and file affidavits in rebuttal of the counter affidavits presented by plaintiff. There does not seem to be any statutory authority permitting the filing of rebuttal affidavits, nor does there seem to be any statute forbidding it. The enlightenment of the court on the question before it is the reason which justifies the filing of counter affidavits. State v. Southmayd, 37 S. D. 375, 158 N. W. 404. The same reason justifies the trial court in permitting, in its discretion, the filing of rebuttal affidavits.

[3, 4] The further objections on the part of appellant to the granting of the new trial charge: (1) A lack of diligence on the part of respondent in securing his alleged newly discovered evidence; (2) that such evidence was not newly discovered evidence; and (3) that it was merely cumulative. These matters are within the sound legal discretion of the trial court for determination. After carefully reading the record of the trial and the contents of the affidavits, and upon considering the presumption that a new trial will result in justice to both parties, while a reversal of the order granting a new trial might not, and in the judgment of the trial court would not, and especially upon considering the above-quoted recital from the order granting new trial, we cannot say

that the trial court abused the discretion committed to it, and we are therefore constrained to affirm the order appealed from. Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72; Drew v. Lawrence, 37 S. D. 620, 159 N. W. 274; Lee v. Braggman, 39 S. D. 175, 162 N. W. 788; Sioux Falls Stockyards Co. v. Ash, 43 S. D. 82, 177 N. W. 761; Zarneke v. Kitzman, 44 S. D. 295, 183 N. W. 867.

It will be so ordered.

Note.—Reported in 195 N. W. 442. See, Headnote (1), American Key-Numbered Digest, New trial, Key-No. 117(3), 29 Cyc. 929 (1924 Anno.); (2) New trial, Key-No. 140(2), 29 Cyc. 1000 (1924 Anno.); (3) New trial, Key-No. 99, 29 Cyc. 1009; (4) Appeal and error, Key-No. 977(3), 4 C. J. Sec. 2817.