May Term,
1855.

THE FRANKLIN INSURANCE COMPANY *v.* CULVER.

The condition of an insurance policy issued to the plaintiff, provided that persons sustaining loss by fire, should forthwith give notice thereof, in writing, to the company or their agent, and as soon after as possible, deliver as particular an account of their loss as the nature of the case would admit of, (and if within their power, render to the company a schedule of the articles destroyed or damaged, stating article by article,) signed with their proper hands, and that they should accompany the same with their oath or affirmation, declaring the account to be just, &c., and what was the cash value of the subject insured. Whenever demanded in writing, they were also required to produce an exhibit of their books of account, and vouchers in support of their claim, and permit extracts and copies thereof to be made, &c. The conditions further provided that any fraud or false swearing by the insured, should cause a forfeiture of all claims, and be a bar to all remedies under the policy. In a suit upon the policy for a loss of the subject insured, the plaintiff exhibited the statement furnished by him to the company under oath, as follows: "One-story frame-house, 200 dollars; dry goods, 1,000 dollars; groceries, 150 dollars; queensware, 25 dollars; hardware, 25 dollars; the whole, 1,400 dollars." The statement further showed that all the bills of goods purchased by him, were consumed by the fire, and that he was therefore unable to make out an invoice of the items and cost of the articles destroyed, but that to the best of his knowledge and belief, said statement was true and just, and the fair cash value of the goods was between 1,400 and 1,500 dollars. It also appeared in evidence that the plaintiff's invoices were consumed with his goods, and that he had no copies, and that the company's secretary had called on him to sign an instrument requesting the persons from whom he had purchased the goods, to furnish the amounts of the invoices, but that he had refused to do so. The plaintiff obtained a verdict and judgment for 200 dollars less than the amount of his loss as alleged in his statement to the company.

*Held,* that the plaintiff was not required by the conditions of the policy to sign the instrument presented by the company's secretary.

*Held,* also, that the excess of the plaintiff's claim, as furnished to the company, over the verdict, did not show him to have been guilty of "false swearing."

*Held,* also, that by "false swearing" was meant, the swearing to a false statement knowingly.

An instruction will be presumed to have been pertinent to the evidence, where the contrary does not appear.

APPEAL from the *Johnson* Circuit Court.

Monday,
May 28.

DAVISON, J.—Assumpsit by *Culver* against the *Franklin Insurance Company,* upon a policy against fire, for 1,400 dollars, on a store-house and stock of goods, viz., 200 dollars on the house and 1,200 dollars on the goods. The policy was issued *March* 10, 1852, for one year from that

date, and on the 3d of *April* following, the store-house, with all the goods, was consumed by fire. Plea, the general issue. Verdict in favor of the plaintiff for 1,200 dollars. New trial refused, and judgment.

The policy, among other conditions, contained the following : " Persons sustaining loss by fire, shall forthwith give notice thereof in writing to the company or their agent, and, as soon after as possible, deliver as particular an account of their loss as the nature of the case will admit, (and if within their power, render to the company a schedule of articles destroyed or damaged, stating article by article,) signed with their proper hands ; and they shall accompany the same with their oath or affirmation declaring the said account to be just," &c. ; " also what was the cash value of the subject insured," &c. " And whenever required in writing, the insured shall produce an exhibit of their books of account and vouchers to the insurers, in support of their claim, and permit extracts and copies thereof to be made," &c. " Any fraud or false swearing by the insured shall cause a forfeiture of all claims, and shall be a full bar to all remedies under the policy."

The property destroyed, and its value, was stated by *Culver*, under oath, to be as follows : " One-story frame store-house, 200 dollars. Dry goods, 1,000 dollars. Groceries, 150 dollars. Queensware, 25 dollars. Hardware, 25 dollars. The whole, 1,400 dollars."

His statement further shows that all the bills of goods purchased by him were consumed by the fire, and he was, therefore, unable to make out an invoice of the items and cost of each article destroyed ; but that to the best of his knowledge and belief, the above was true and just; and that the fair cash value of said house and goods was between 1,400 and 1,500 dollars, according to the best of his judgment.

All the evidence is not set out in the record ; but it was shown that the plaintiff's invoices were consumed with his goods, and that he had no copies; that the defendants' secretary had called on him to sign an instrument in writing, requesting the persons from whom he had pur-

May Term,
1855.

THE FRANK-
LIN INSUR-
ANCE Co.
v.
CULVER.

chased the goods to furnish the amounts of the invoices, but that he declined doing so.

In relation to this evidence, the Court charged, that " if the plaintiff furnished the names of the merchants from whom he had purchased, he did all that was his duty *prima facie*. Had the defendant applied to the names furnished, for copies of the invoices, and they had declined furnishing them, without the plaintiff's consent, his refusal to give it, would afford a strong presumption in favor of a low assessment."

This instruction is said to be objectionable. We are not of that opinion. There is nothing in the conditions annexed to the policy which required the plaintiff to sign the instrument proposed by the defendants' secretary. The charge must be presumed to have been pertinent to the evidence, and it may, therefore, be inferred that there was evidence tending to show that the plaintiff furnished the names of the merchants from whom he purchased; also that there was no proof that they declined for want of his consent. This being the case, we think the jury were correctly instructed.

The amount claimed, by the preliminary affidavit, appears to exceed the verdict 200 dollars, which excess, it is contended, shows the plaintiff to have been guilty of *false swearing* and entitles the defendant to a new trial. The jury were distinctly told, that " if it appeared, from the evidence, that the plaintiff, in his sworn statement, *knowingly* exaggerated his loss, they were bound to find for the defendant." It can not be assumed that this instruction was disregarded. And if it was a correct exposition of the law, the new trial was properly refused; because the point involved in the charge of the Court raised a question of fact peculiarly for the consideration of the jury.

The appellant contends that the error of the instruction consists in the use of the term "knowingly;" "that false swearing *knowingly* is perjury, which, in law, is not synonymous with *false swearing*." We are not prepared to admit that interpretation, as applicable to the contract before us; because it induces the conclusion that a mere

May Term,
1855.

THE FRANK-
LIN INSUR-
ANCE CO.
v.
CULVER.

mistake, in the plaintiff's estimate of the property consumed, would "cause a forfeiture of all his claims under the policy," which, in our opinion, would be an absurdity. No false swearing by the assured in relation to the extent of his loss, should be allowed to defeat a recovery, unless it be intentionally false. *Moore* v. *The Protection Insurance Company*, 16 Shep. 97.—Angell on Fire and Life Insurance, s. 260, and note.

In the present case, no basis existed by which the amount destroyed could be ascertained with any degree of accuracy. The invoices having been consumed with the goods, and there being no other account of the stock on hand, the statement of the insured could be nothing more than the result of his own deliberate judgment, without the means of testing its correctness by numerical calculation. Whether, in the language of the instruction, he "knowingly exaggerated his loss," was for the jury to determine. The value of the property, as estimated by the insured, it must be presumed, was properly considered with all the other evidence upon the same point. And though the jury, in view of all the facts, may have been convinced that he had erred in opinion, still they may have found such error to exist without any dishonest intention.

If the evidence was on the record, we might look into it, and determine whether the verdict accorded with the proofs ; but as the case stands before us, the finding of the jury must be deemed a proper conclusion from the facts proved on the trial.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*F. M. Finch* and *S. Major*, for the appellants.

*G. M. Overstreet,* *A. B. Hunter*, *L. Barbour* and *A. G. Porter*, for the appellee.