## Case No. 6,821.

HUCHBERGER et al. v. HOME FIRE INS. CO.

[5 Biss. 106.] [1]

Circuit Court, N. D. Illinois. Feb., 1870.

FIRE INSURANCE—RIGHTS UNDER POLICY—FRAUD OF INSURED—BURDEN OF PROOF—INTEREST ON POLICY.

1. The sixty days for an insurance policy, before right of action accrues, begin to run from the time of furnishing the proof, not from the time of furnishing additional proof required by the company.

2. If the insured, with intent to defraud, makes claim for a larger loss than he actually sustained, he forfeits his rights.

[Cited in Shaw v. Scottish Com. Ins. Co., 1 Fed. 765.]

3. Burden of proof, in establishing this defense, is on the defendant, and the evidence must be either direct and positive, or the circumstances must be convincing, and admitting no other natural conclusion.

4. On verdict for insured, the jury should allow interest from the commencement of the action.

[This was an action at law by Lehman Huchberger and others against the Home Fire Insurance Company of New York.]

Emery A. Storrs, for plaintiffs.

John Van Arman and J. H. Knowlton, for defendant.

BLODGETT, District Judge (charging jury). This suit is brought upon one of several policies of insurance amounting in the whole to $46,000, one of which was issued by defendant on the stock of dry goods in plaintiffs' store, at No. 173 Lake street, in this city. There is no question as to the issue and validity of the policy, nor is there any question as to the fact that, on the evening of March 2d, 1867, a fire occurred in that store, which subsequently destroyed the stock of goods then in the store, the portion saved being only worth a little over $6,000; nor is it denied that the plaintiffs furnished the proper agent of the defendant, in due time, the proofs of loss required by the policy; but it is insisted that the plaintiffs did not comply with the conditions of the policy, which are precedent to the right of action. The policy requires the insured forthwith to give notice in writing, to the company, of the loss sustained, and as soon as convenient thereafter, furnish proof of loss, etc., and that the insured, if required, shall submit to a further examination on oath, etc. It is claimed that no notice of the loss was given within the meaning of this clause of the policy. It is also claimed, that the loss, by the terms of the policy, does not become payable until sixty days after due notice and proof of loss, and that, inasmuch as the plaintiffs furnished to the agent of the defendant their formal proof of loss on the 13th of March,

and afterward submitted to a further examination on oath, at the request of the adjuster of the defendant, in regard to the details of their business, the proofs of loss within the meaning of the policy were not completed until this examination was reduced to writing and sworn to, which was on the 22d of March: and as this suit was brought on the 16th of May, the sixty days had not elapsed, and that this suit was therefore prematurely brought. It is true, that the notice of loss, as required by the policy, should have been given and approved, unless you are satisfied from the evidence that it has been waived.

As to the time when the right of action accrued, I am of opinion that the sixty days began to run from the furnishing of the proofs of loss, and not from the further affidavit; that the further examination is an act on the part of the insurer, and has no reference to the period when the time begins to run, for if their position is correct, the insurance company could extend indefinitely the time of payment. They might keep calling for further proof from time to time, and insist as long as they chose that they were not satisfied in regard to the facts of the loss.

But the chief defense set up to avoid the liability arising upon the admitted facts, to which I have referred, is, that plaintiffs fraudulently presented and insisted upon a claim against the defendant for a much greater loss than they actually had sustained; and the real question in this case is whether the claim of loss made out by the plaintiffs and demanded from the defendant, was for an amount which plaintiffs knew was greater than the loss actually sustained. If plaintiffs, knowingly and with intent to defraud the defendant and other insurance companies who had insured their stock of goods, made up a false and exaggerated statement of the amount and value of their stock of goods in the store at the time of the fire, and destroyed or damaged, they thereby forfeit all claim against the insurers. In cases of this kind, the plaintiff must come into court with clean hands. The insured is presumed to know better than any one else the value of his property and the amount of his loss, and is bound to make his statement of loss honestly, without any attempt to obtain more than his actual damage; and this rule of law thus defeats all claims unless honestly made, is intended to protect insurance companies from frauds which might otherwise be perpetrated on them. It is a rule which can do an honest man no harm.

I do not mean by this, that a person who has sustained a loss for which an insurance company is liable, is obliged to state the exact amount of his loss in dollars and cents, with arithmetical accuracy, for that, from a variety of circumstances, is frequently impracticable; but he must disclose the whole

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

truth, and nothing but the truth, as nearly as he can come at it at the time by reasonable effort on his part. If the evidence in this case, taken altogether, satisfies your minds that the plaintiffs did, knowingly and fraudulently, present a claim for a loss greater than they had sustained by the fire in question, then they cannot recover in this action. This is really the only law directly involved in this case, but there are some rules of evidence applicable to the case, to which it is proper I should call your attention.

The burden of proof to make out the defense insisted upon is upon the defendant. The law does not allow you to presume fraud without proof, and it must be such proof as admits of no other fair construction. I do not mean by this, that the defendant is bound to establish fraud by positive and direct evidence, because that is frequently impossible; but the evidence of fraud must be either direct and positive, or the circumstances must be so strong, convincing and preponderating as to admit of no other rational conclusion. The defense interposed, if sustained, stamps the defendants as swindlers and dishonest men. You should, therefore, be cautious in your consideration of evidence tending to lead you to so serious a conclusion. Yet, if the evidence adduced is so convincing in its character as to satisfy your minds that the plaintiffs intended to perpetrate a fraud on the insurers, you then need not hesitate to pronounce that conclusion by your verdict. It is as essential to the ends of justice that the guilty should be punished as that the innocent should be acquitted.

If you should conclude that in making up their accounts of their loss, plaintiffs acted in good faith, and made, as nearly as they could under the circumstances, a truthful statement, without any intent to defraud defendant, you will find for the plaintiffs, and ascertain their damages by adding interest from May 16, to the amount of the policy.

Verdict and judgment for plaintiff.

Consult Huchberger v. Merchants' Fire Ins. Co. [Case No. 6,822], and notes thereto.