### MACK & Co. *v.* LANCASHIRE INS. Co. and others.[*]

*(Circuit Court, D. Missouri. ———, 1880.)*

1. FIRE INSURANCE—ACTION ON POLICY—EVIDENCE.—In an action upon an insurance policy the plaintiff is bound, in the absence of any admission by the defendant, to establish, by a preponderance of the evidence, (1) the execution of the policy, (2) the total or partial destruction of the insured property, (3) the amount of the loss or value of the insured property destroyed, (4) and such notice and preliminary proof of loss as the policy requires.

2. SAME—"ACTUAL CASH VALUE."—In such case the term "actual cash value" means the sum of money the insured goods would have brought for cash, at the market price, at the time when, and place where, they were destroyed.

3. SAME—FRAUDULENT CLAIM.—In order to establish the fact of a fraudulent claim, it must appear (1) that there was a false statement in the preliminary proof as to the value of the goods destroyed, and (2) that such false statement was made with knowledge that it was false, and with the intent to defraud the defendant by deceiving him as to the value of the goods.

4. SAME—SAME.—The mere fact that the loss is less than that stated in the preliminary proof, would not be sufficient to establish fraud, though if the discrepancy between the true value and that stated by the insured is large, it would be some evidence bearing upon the issue of fraud.

5. SAME—ARSON—EVIDENCE.—In a civil case the fact of arson need not be established beyond all reasonable doubt, but it must nevertheless be established by a clear preponderance of all the evidence adduced.

6. SAME—VEXATIOUS DELAY—DAMAGES—EVIDENCE.—In order to recover damages for vexatious delay in the payment of a policy, it must be shown that there was no reasonable ground for contesting either the validity or the amount of the claim.

[*] Two other companies were concerned as defendants.

*Noble & Orrick,* for plaintiffs.

*O. B. Sansum,* for defendant.

McCRARY, C. J., *(charging jury.)* These cases being all of like nature, and relating to the same questions, have been by the order of the court consolidated for the purpose of the trial, and are now to be submitted to you for your verdict upon the facts and in accordance with the law as given to you by the court. The plaintiff in an action of this character is, in the absence of any admission by defendant, bound to establish by a preponderance of evidence—*First,* the execution of the contract or policy of insurance sued on; *second,* the destruction, total or partial, of the property insured; *third,* the amount of the loss, or, in other words, the value of the insured property destroyed; *fourth,* that such notice and preliminary proof of loss as the policy requires has been given.

In these cases the defendants by their answers have admitted the execution of the contract or policy sued on, as well as the destruction by fire, as alleged by plaintiff, of the property insured. They have also admitted that notice and proof of loss were duly given in all the cases sued on, to which your attention will be called hereafter. The defendants say that the property destroyed (a stock of clothing) was not of the actual cash value stated by plaintiffs in their petitions, and this presents the first issue of facts for you to determine. You are to consider and decide, in the light of all the evidence, what was the fair and reasonable cash value of the property in the city of St. Louis on the fourth of April, 1879, when the fire occurred. In determining this question you will consider the character and quality of the goods, their cost, their condition, the state of the market, any decline or advance in value after purchase and before the fire, the invoices previously made and the proof of subsequent purchases, as well as all the facts and circumstances developed in the evidence and bearing upon the subject, and from all the evidence you will ascertain and by your verdict decide what was the actual cash value of the goods in the store of the plaintiff at the time of the fire and destroyed thereby. By the term "actual cash value" I mean the sum of money the goods would have

brought if sold in the city of St. Louis, on the fourth day of April, 1879, for cash, at the market price. Having thus ascertained and fixed the value of the property destroyed, your verdict will be for the plaintiffs in the sum so fixed, unless you find for defendants on one or more of the issues presented by the answers, to which your attention will now be called.

The defendants, in their several answers, allege that the plaintiffs made, under oath, a false and fraudulent claim, representing their loss to have been $78,219.82, while in truth and fact their loss was only $48,000, as plaintiffs well knew, and that this false statement was made with intent to induce defendants to believe that the value of the stock was larger than it was in fact, and was therefore a violation of one of the conditions of the policy. It is for you to determine whether this defence is established by the preponderance of the evidence. In order to find for defendants upon this issue you must believe from the evidence that the statements made under oath by plaintiffs, in their preliminary proofs, as to the value of their stock and the amount of their loss, were in some material point false, and also that they were fraudulent; that is to say, intentionally false, or made with the purpose of deceiving and defrauding. A claim honestly made will not render the policy void, even though such claim be erroneous by reason of some degree of exaggeration or overestimate; but if the insured made, with reference to the quality or value of the goods insured, a claim which he knew to be false and unjust, then he cannot recover anything.

In the event that you should find the loss to be less than that stated by the insured in their preliminary proof, that mere fact would not be sufficient to sustain the defense, though if the discrepancy between the true value, and that stated by the insured in their preliminary proofs, is large, this would be evidence bearing upon the issue of fraud, to be considered by the jury for what it is worth. In other words, you will perceive that the defendants, in order to succeed upon this issue, must satisfy you from the evidence—*First*, that there was a false statement in the preliminary proof as to the value of the goods destroyed; and, *second*, that such false statement was made

with knowledge that it was false, and with the intent to defraud the defendants by deceiving them as to the value of the goods. The value of a large stock of clothing, at a particular date, is of course to some extent a matter of opinion and of estimate, and it is not to be expected that different persons would fix it at exactly the same amount. Different persons might honestly differ as to what would be a true valuation. The question for you to determine in deciding this issue, therefore, is not whether the value fixed by plaintiff was the true value of the goods, but whether it was an intentionally false estimate and claim. Upon this question, which is one purely of fact, you are the sole and exclusive judges.

If you find that there was no exaggeration of the amount of the loss, you will, of course, have no occasion to consider the other question; but if you find that there was an exaggerated claim, then you will inquire as to the intent.

In case No. 1,489, against the Glens Fall Insurance Company, there is an allegation in the answer that the preliminary proof was not made in time; but the court instructs you that that this defence was waived if the defendant, or its agent, had possession of the books of the plaintiff, from which the loss was to be ascertained, and if by reason of such possession of said books the plaintiffs were deprived of the opportunity to make proof in time. It was also waived if the agent of the defendant agreed when he took possession of the books to waive the issue. As the defendants have introduced no testimony to contradict plaintiff's proof upon this point, which was full and explicit, you will of course find this issue for the plaintiffs.

This leaves for your consideration the further defence that the loss "was caused, occasioned, and brought about fraudulently by the direct agency, procurement, contrivance, and direction of the plaintiffs." This is equivalent to an allegation that the plaintiffs are responsible for the fire which resulted in the destruction of their property. This is, of course, a perfect defence, if proved; but before you can find for the defendants upon this issue you must be satisfied from the evidence that the charge is true. The fact of arson may be established by

circumstances, but they must be such as to establish the main fact with reasonable certainty. A mere suspicion is not enough. The jury must be satisfied that the fact is established by a clear preponderance of the evidence adduced before them.

In a case where the evidence is evenly balanced, or the jury is in doubt as to what the truth is on that point, there is not a preponderance of evidence. The defendants are not bound in a case like the present, as they would be in a criminal prosecution for arson, to prove the fact beyond all reasonable doubt, but they are required to produce proof sufficient to clearly satisfy the jury that the charge is true.

The jury will, if they find for plaintiffs, find and state in their verdict the value of the entire stock destroyed, with interest, as hereinafter stated, and damages, if any are allowed. The court will, if you so find, afterwards determine the amount of the recovery in each case and render judgment accordingly; the parties, by their counsel, having consented to this form.

The plaintiffs claim that they are entitled to damages, in addition to the value of their property destroyed, on account of vexatious delay caused by the conduct of the defendants. To establish this claim the plaintiff must show that the defendants had not reasonable ground for contesting either the validity or the amount of the claim. If you find from the evidence that there was vexatious delay, within this definition, you may add to the value of the property destroyed not exceeding 10 per centum of the amount of such loss, and include such addition in your verdict. The burden is upon the plaintiffs to prove the fact of vexatious delay by a preponderance of testimony.

If the jury finds for the plaintiffs, then it will add to the amount of loss found interest at 6 per cent. per annum from the fourteenth day of March, 1879, when the demand is shown by the uncontradicted testimony to have been made.