## CAMDEN FIRE INS. ASS'N v. PENICK.

(Circuit Court of Appeals, Fifth Circuit. November 20, 1924. Rehearing Denied Dec. 23, 1924.)

No. 4241.

**1. Insurance ⚖⇒665(4)—Evidence held to warrant finding insured suffered loss of number of bales of cotton claimed.**

Evidence *held* to warrant finding that insured suffered loss by fire of number of bales of cotton claimed in his amended declaration.

**2. Insurance ⚖⇒552—Incorrect statements in proof of loss, if honestly made, did not make policy void.**

Incorrect statements in proof of loss as to quantity of cotton destroyed by fire, if honestly made, did not render policy void.

**3. Insurance ⚖⇒668(14)—Whether incorrect statements in proof of loss fraudulent held jury question.**

Whether incorrect statements in proof of loss as to quantity of cotton destroyed by fire were fraudulently or innocently made, under evidence, *held* jury question.

**4. Insurance ⚖⇒662(1)—Statement to insured by agent, who made out his proof of loss, held properly admitted on issue of insured's good faith.**

In action on fire policy, defended on ground proof of loss fraudulently included property not destroyed by fire, evidence as to conversation in which an insurance agent, who prepared proof of loss, stated to insured that it was immaterial whether claim was in all respects correct, and that it could be afterwards corrected, *held* properly admitted on issue of insured's good faith.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by L. T. Penick against the Camden Fire Insurance Association. Judgment for plaintiff, and defendant brings error. Affirmed.

Daniel MacDougald, of Atlanta, Ga., and W. L. Erwin, of Athens, Ga. (Spalding, MacDougald & Sibley, of Atlanta, Ga., and Erwin, Erwin & Nix, of Athens, Ga., on the brief), for plaintiff in error.

Kirby S. Anderson, of Madison, Ga., and Jos. E. Pottle, of Milledgeville, Ga. (Anderson & Wood and A. G. Foster, all of Madison, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. This is a suit for the proportion of the value of cotton covered by the defendant company's fire insurance policy. Plaintiff's warehouse and the cotton stored therein were destroyed by fire. The insurance policy contains the provisions that the insured within 60 days after the fire shall render to the insurer a sworn statement of the amount of loss and that the policy shall be void in case of fraud or false swearing by the insured touching any matter relating to the subject of the insurance. The defense was that the plaintiff in his sworn proof of loss included bales of cotton which were not burned, for the fraudulent purpose of collecting insurance thereon.

[1] Within a few days after the fire, the plaintiff claimed that 885 bales of cotton had been burned. One of defendant's agents weighed and counted a part or all of the cotton ties, estimated that not exceeding 636 bales of cotton had been destroyed, and challenged plaintiff's claim as being excessive. Thereafter the plaintiff requested his customers to inform him of any outstanding warehouse receipts in their hands, and employed a public accountant to examine his books and records, for the purpose of ascertaining the amount of cotton in the warehouse at the time of the fire. These records purport to show that each bale of cotton received at and shipped out of the warehouse was identified by a tag number. Some of plaintiff's records showing shipments were burned up in the warehouse, and the plaintiff testified that his ledger, which contained a record of both receipts and shipments, had not been posted during a period of five days before the fire. This public accountant testified that he did not examine all of plaintiff's records; whereas the plaintiff testified that all the records he had were submitted to the accountant. Whatever examination was made showed a loss of 885 bales. The time limit provided in the policy for the proof of loss to be made was about to expire, when the plaintiff, being still in some doubt as to the correctness of the list prepared by the public accountant, procured the assistance of one Fitzpatrick, an insurance agent, who prepared such proof and based it upon plaintiff's records, stating to the plaintiff that it would be immaterial whether the claim was in all respects correct, as any mistakes could be afterwards corrected, when the records were checked over by the insurance company. Objections and exceptions to Fitzpatrick's statements to the defendant were made and noted.

The defendant also made an examination of plaintiff's books and records, and, in addition, of the records of railroad companies, which showed the number of bales shipped out of plaintiff's warehouse. According to defendant's investigation, these combined records disclosed that 780 bales were in the warehouse at the time of the fire. After

the plaintiff submitted his proof of loss, he admitted, on an examination conducted by the defendant, that 88 bales of cotton were erroneously claimed by him to have been burned. After suit was brought, the plaintiff submitted his records for inspection to another public accountant, who testified therefrom, and from an audit made several months previously on behalf of the Federal Reserve Bank, that 795 bales were apparently destroyed in the fire. The original declaration alleged a loss of 795 bales, which was subsequently reduced by amendment to 788 bales.

The plaintiff was not only engaged in the business of the storage of cotton in his warehouse, but also was engaged with one Ellison in the purchase and sale of cotton. Ellison kept a record of cotton bought and stored by him and the plaintiff, and his records were introduced in evidence by the defendant. One of the accountants, whom the plaintiff had to inspect the books kept at the warehouse, was asked on cross-examination if Ellison's record was not an integral part of the records of the warehouse. The trial court sustained an objection to this question, and defendant excepted.

At the close of all the evidence, the defendant made a request for a verdict in its favor, and, that request being denied, requested the court to give several special charges to the jury, all of which failed to refer to the element of fraud or intentional false swearing. The court also refused the special requests, and instead instructed the jury that false swearing, which would deprive the plaintiff of the right to recover, must be a willful, intentional act, and that, if they believed that the plaintiff willfully or recklessly made a false statement, he would not be entitled to recover. There was a verdict and judgment for the plaintiff, based on the loss of 788 bales of cotton, for which claim was made by the plaintiff in his amended declaration.

[2] There was no error in denying defendant's motion for a directed verdict. If the statements made by the plaintiff in his proof of loss were honestly made, although they were admittedly incorrect, they did not render the policy void. 14 R. C. L. 1343; Insurance Companies v. Weide, 14 Wall. 375, 20 L. Ed. 894.

[3] It is defendant's contention that the plaintiff's own records would have disclosed to him that the claim of the loss of 885 bales of cotton was incorrect, and that therefore the proof of loss was submitted with knowledge by the plaintiff that the claim was excessive, or at least that the statements therein contained were recklessly made, as sources of information were available which would have enabled the plaintiff to prepare and submit an accurate and correct claim. We are of opinion that whether the claim was fraudulently or innocently made was a question peculiarly within the province of the jury. The plaintiff knew at the outset that the defendant would take the position that the claim was excessive. His request for outstanding receipts, and employment of a public accountant to ascertain from the records the correct number of bales of cotton lost, are consistent with an innocent mistake.

It is true, the plaintiff admitted that he was in some doubt as to whether all of the bales shown by the records to be in the warehouse were lost; but his explanation that the records were not posted up to the time of the fire, and the fact that he made the claim from his records, and not from any independent knowledge on his part, tend to rebut the conclusion that the proof of loss was fraudulently made, or that a statement was furnished as being true, when it was known to the plaintiff that it was not true. There was substantial evidence from which the jury could fairly infer that the plaintiff made an honest and innocent mistake in the proof of loss which he submitted to the defendant.

[4] The conversation with the agent who made out the proof of loss was proper, as bearing upon the good faith and honest purpose of the plaintiff. The proof of loss necessarily had to be furnished within 60 days, and the fact that it was not earlier furnished was also a circumstance which the jury was entitled to consider as showing good faith. We think, also, that the court was right in sustaining an objection to the question which sought to elicit the conclusion that records kept in another enterprise were an integral part of the records kept at the warehouse. However, the point is unimportant, inasmuch as the records kept by Ellison were introduced in evidence by the defendant, and were considered by the jury upon the question of fraud. The insurance was not upon bales bearing any particular numbers, but upon any cotton in the warehouse, and, according to plaintiff's evidence, which the jury were entitled to believe, the verdict was not excessive.

Error is not made to appear by any of the assignments, and the judgment is affirmed.