## ATLAS ASSUR. CO., LIMITED, OF LONDON, ENGLAND, v. HURST.[*]

(Circuit Court of Appeals, Eighth Circuit.
January 26, 1926.)

No. 6970.

**1. Insurance ☞553(1)—Willfully false statement in proof of loss, preliminary examination, or testimony at trial, with intent to deceive insurer, avoids policy.**

Under provision that entire fire insurance policy shall be void in case of fraud ·or false swearing by insured touching any matter relating to insurance or subject thereof, whether before or after loss, false statement, knowingly and willfully made by insured as to matter material to insurance, in proof of loss, preliminary examination under policy, or testimony at trial of action on policy, with intent to deceive insurer, avoids policy.

**2. Insurance ☞553(1).**

Where insured knowingly and willfully makes false statement in proof of loss as to matter material to insurance, intent to deceive is implied.

**3. Insurance ☞553(1)—Innocent mistake, misstatement, or overvaluation not fraud or false swearing vitiating policy.**

To vitiate policy by fraud or false swearing, as provided therein, false statement must be knowingly and intentionally made, and innocent mistake, misstatement, or overvaluation is not sufficient.

**4. Insurance ☞668(14)—Fraud and false swearing, in statements in proofs of loss and inventories, as to cause of fire and loss and value of property, and claiming total loss from each of two causes, held for jury.**

Fraud and false swearing, in stating in proofs of loss that cause of fire was unknown and that entire loss was due to fire, fixing value of property in inventories furnished to insurers, and claiming total loss from both fire and explosion in proofs of loss under fire and explosion policies, respectively, held for jury.

[*] Rehearing denied April 21, 1926.

**5. Insurance ☞668(10)—Refusal to direct verdict for fire insurer for want of evidence of damage done by explosion, as distinguished from fire, held proper.**

In action on fire insurance policy, refusal to ·direct verdict for defendant, because plaintiff offered no evidence of damage by explosion as distinguished from fire, held proper, where proof showed that explosion occurred in restaurant near storeroom in which insured merchandise and fixtures were situated, and did no substantial damage to such storeroom.

**6. Insurance ☞660—Insured's financial statement to bank held admissible to corroborate witness, and show undervaluation of merchandise.**

In action on fire insurance policy, insured's financial statement to Federal Reserve Bank, stating that merchandise was valued at half its actual value, held admissible to show that he undervalued it in financial statements, and to corroborate his son's testimony as to such fact, being made in due course of business, and not self-serving.

**7. Trial ☞253(5), 260(9)—Instruction in action on policy held properly refused, as covered by general charge, and not stating that untrue statement as to cause of loss must have been knowingly and willfully made to constitute false swearing.**

In action on fire insurance policy, instruction that, if evidence showed that any of insured property was damaged or destroyed by explosion preceding fire, plaintiff swore falsely in proofs of loss, and verdict must be for defendant, held properly refused, as fairly covered in general charge, and not stating that untrue statement must have been knowingly and willfully made to constitute false swearing within policy.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action by V. Hurst against the Atlas Assurance Company, Limited, of London, England. Judgment for plaintiff, and defendant brings error. Affirmed.

I. J. Ringolsky, of Kansas City, Mo. (M. L. Friedman and William G. Boatright, both of Kansas City, Mo., on the brief), for plaintiff in error.

Ellison A. Neel, of Kansas City, Mo. (A. L. Cooper, Julius C. Shapiro, and Wallace Sutherland, all of Kansas City, Mo., on the brief), for defendant in error.

Before STONE, Circuit Judge, and PHILLIPS, District Judge.

PHILLIPS, District Judge. V. Hurst (hereinafter called plaintiff) brought this action against Atlas Assurance Company, Limited, of London, England (hereinafter called defendant), upon two fire insurance policies issued by it, to recover for alleged loss from fire, of the property insured.

On July 28, 1922, plaintiff was the owner of a stock of merchandise and fixtures located at 805 Main street, Kansas City, Missouri. Main street runs north and south. Immediately north of the storeroom occupied by plaintiff, there were three other storerooms. The first storeroom north of plaintiff's was occupied by a tailor shop, the second by a restaurant, and the third by a clothing store. At about 9:30 o'clock p. m., July 28, 1922, an explosion occurred in the restaurant. Following this explosion fire destroyed all four of the storerooms and the stock of merchandise and fixtures owned by the plaintiff.

At the time of the fire, plaintiff carried eleven fire insurance policies aggregating $27,000 and an explosion policy for $10,000. Plaintiff employed the Nolan Adjustment Company to prepare his proofs of loss. At the time the proofs of loss were prepared plaintiff did not know just where the explosion occurred and was of the opinion that part of his loss and damage had been caused by fire and part by explosion. He valued his stock of merchandise and fixtures at approximately $39,000. In the proofs of loss, which, under the provisions of the policies he was required to submit within 60 days from the day of the loss, he claimed $27,000 loss from fire and $10,000 loss from explosion. Subsequent developments tended to show that none of plaintiff's loss was caused by explosion, and he therefore abandoned any claim under the explosion policy. Actions on the eleven fire policies were originally brought in the circuit court of Jackson county, Missouri. This case and four others were removed to the District Court of the United States for the Western District of Missouri. In the instant case, there was a verdict and judgment in favor of the plaintiff for $5,329.16. From this judgment defendant sued out a writ of error to this court. The other four cases removed were consolidated for trial. They resulted in verdicts and judgments in favor of the plaintiff, and each of the defendants sued out writs of error to this court. See No. 6971, Connecticut Fire Insurance Company of Hartford, Connecticut, v. V. Hurst, No. 6972, Dubuque Fire & Marine Insurance Company v. V. Hurst, No. 6973, The Nationale Fire Insurance Company of Paris, France, v. V. Hurst, No. 6974, Norwich Union Fire Insurance Society, Limited, of Norwich, England, v. V. Hurst, opinion filed January 26, 1926, and reported in 11 F.(2d) 254.

The first contention of the defendant is that the court erred in refusing to direct a verdict in favor of the defendant on the ground that the proof conclusively established as a matter of law that plaintiff was guilty of fraud and false swearing.

[1-3] The policies contained the following provision: "This entire policy shall be void * * * in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Under such a provision it is well established that a false statement knowingly and willfully made by the insured of or regarding some matter material to the insurance, in his proof of loss, at his preliminary examination under oath had under the terms of the policy, or in his testimony at the trial, with intent to deceive the insurer, avoids the policy. Claflin et al. v. Commonwealth Ins. Co., 3 S. Ct. 507, 110 U. S. 81, 28 L. Ed. 76; Follett v. Standard F. Ins. Co., 92 A. 956, 77 N. H. 457; Perry v. London Assurance Corporation (C. C. A. 9) 167 F. 902, 93 C. C. A. 302; Columbian Ins. Co. v. Modern Laundry (C. C. A. 8) 277 F. 355, 20 A. L. R. 1159; Huchberger v. Home F. Ins. Co., 5 Biss. 106, 12 Fed. Cas. page 793, No. 6821; Howell v. Hartford F. Ins. Co., 12 Fed. Cas. page 700, No. 6780; notes, 32 L. R. A. (N. S.) 453; 20 A. L. R. 1168; 26 C. J. p. 156, § 191; Id. p. 382, Sec. 492. And where such a false statement is knowingly and willfully made, the intent to deceive will be implied as a natural consequence of the act. Columbian Ins. Co. v. Modern Laundry, supra; Claflin v. Ins. Co., supra; Fidelity & Casualty Co. v. Bank of Timmonsville (C. C. A. 4) 139 F. 101, 71 C. C. A. 299; Mutual Life Ins. Co. v. Hurni Packing Co., (C. C. A. 8) 260 F. 641, 646, 171 C. C. A. 405; New York Life Ins. Co. v. Wertheimer, et al. (D. C.) 272 F. 730, 735. To vitiate the policy, however, such a false statement must be knowingly and intentionally made. An innocent mistake or misstatement or overvaluation is not sufficient to avoid the policy. Insurance Companies v. Weide, 14 Wall. 375, 20 L. Ed. 894; Damico v. Firemen's Fund Ins. Co. (C. C. A. 8) 5 F.(2d) 318; Camden F. Ins. Ass'n v. Penick (C. C. A. 5) 2 F.(2d) 964; Spring Garden Ins. Co. et al. v. Amusement Syndicate Co. et al. (C. C. A. 8) 178 F. 519, 531, 102 C. C. A. 29; U. S. v. Ninety-Nine Diamonds (C. C. A. 8) 139 F. 961, 968, 72 C. C. A. 9, 2 L. R. A. (N. S.) 185; Oshkosh P. & P. Co. v. Mercantile Ins. Co. (C. C.) 31 F. 200; notes, 20 A. L. R. 1164, and 32 L. R. A. (N. S.) 453.

[4] Defendant asserts that the proof showed plaintiff knowingly and willfully made a false statement when he stated in his proof

of loss that the cause of the fire was unknown. The record does not bear out this contention. A fire may have preceded and precipitated the explosion, or an explosion may have preceded and caused, the fire. Just how the fire originated it was impossible for any one to tell with certainty. We believe the plaintiff answered truthfully when he stated the cause of the fire was unknown.

Defendant asserts further that the plaintiff knowingly and willfully swore falsely when he stated in his proof of loss that the entire loss was due to fire, because some part of the loss was due to the explosion. The proof showed with reasonable certainty that the explosion occurred in the restaurant, and did no immediate damage to plaintiff's property.

Defendant further asserts that plaintiff made willful and intentional false statements as to the value of the property. Immediately after the fire plaintiff undertook to make up a memory inventory. Thereafter he discovered in his safe the summary of an inventory taken in January, 1922. He secured duplicate invoices of his purchases between the date of that inventory and the date of the fire, and determined the amount of his sales during that period from his bank deposits. From the three sources above mentioned he arrived at the value of the goods on the date of the fire. Both inventories were furnished to the insurance companies. The memory inventory showed a total value of merchandise of $33,319.50, and the other inventory showed a total value of merchandise of $31,625. The value of merchandise at the time of the fire based upon the latter inventory, after adjustments for purchases and sales had been made, was $35,911.90. Plaintiff claimed the fixtures were of the value of $3,500 at the time of the fire. His total claim of loss was $39,411.90 Plaintiff made three financial statements in the early part of the year 1922, one to the Bradstreet Company, one to the Fidelity National Bank & Trust Company, and one to R. G. Dun & Co. In these statements the several amounts stated as the value of the merchandise were materially less than the amount plaintiff claimed the value was at the time of the fire. These were introduced in evidence. Joe Hurst, a son of plaintiff, who assisted his father in the conduct and management of the business, testified that, in giving the statements to the Bradstreet Company and to R. G. Dun & Co., he valued the merchandise on hand at 50 per cent. of its actual value. Plaintiff introduced a statement given to the Federal Reserve Bank of Kansas City January 25, 1921, which indicated on its face that the value of merchandise was fixed at 50 per cent. of its actual value. The statement to the Fidelity National Bank & Trust Company indicated on its face that the value of the merchandise was fixed at 70 per cent. of its actual value. The discrepancy between the two inventories did not show willful and intentional false swearing. Naturally, one made up from memory, and one made up from more or less accurate records, would not be exactly the same. The discrepancy between the value of the merchandise as fixed in the financial statements made in 1922 and the amount claimed at the time of the fire was explained by the testimony of Joe Hurst, and his testimony was to some extent corroborated by the statements given to the banks, which indicated on their face that the value of the merchandise was fixed at less than the actual value thereof.

Defendant further asserts that plaintiff was guilty of willful and intentional false statements when he claimed a total loss from fire in the proofs of loss under the fire policies and a total loss from explosion in the proof of loss under the explosion policy. The reason for so making out the proofs of loss was testified to by M. C. Nolan, of the Nolan Adjustment Company. He stated that, under the provisions of the policies, plaintiff was required to make his proofs of loss within 60 days from the date of the loss; that at the time the proofs were made out it was uncertain as to what damage had been caused by fire and what by explosion; that plaintiff then believed some portion of the damage had been caused by explosion, and the remainder by fire; that the value of the property exceeded the total amount of fire and explosion insurance; that all of the property had been destroyed; and that therefore plaintiff in his proofs of loss made a claim for full loss under the fire policies, and also under the explosion policy. It is true that the statements in the proofs of loss were inconsistent, and that the facts later discovered showed the statements in the fire insurance proofs of loss were true, and the statement in the proof of loss under the explosion policy was false; but this did not show conclusively that plaintiff willfully made false statements with intent to deceive the insurance companies. All of the proofs were delivered at the same time to one adjuster, representing all of the fire insurance companies and the explosion insurance company. Plaintiff, under the facts as he knew them when the proofs were made, followed the course which appeared to him to be neces-

sary for the protection of his rights. He then believed there had been some loss by explosion and a substantial loss by fire. If there had been two causes for the loss; one explosion and one fire, the amount of each could not have been accurately and definitely determined. The statement in the proof of loss under the policy in suit was not false, but true. The evidence did not conclusively establish that the plaintiff, in claiming a total loss from fire and a total loss from explosion, was guilty of willful and intentional false swearing for the purpose of deceiving the insurance companies.

We conclude that the defense of fraud and false swearing was not conclusively established by the evidence, but that it depended upon the determination of controverted issues of fact; and that it was proper to submit those issues to the jury for decision. Insurance Companies v. Weide, supra; Mack & Co. v. Lancashire Ins. Co. (C. C.) 4 F. 59; Oshkosh P. & P. Co. v. Mercantile Ins. Co., supra; note, 20 A. L. R. 1172.

[5] Defendant also contends that the court erred in refusing to instruct the jury to find for the defendant because plaintiff offered no evidence as to the amount of damage done by explosion, as distinguished from that done by fire. This contention assumes that some part of the loss was occasioned by explosion. The proof developed on the trial showed that the explosion occurred in the restaurant, and that it did no substantial damage to the storeroom in which the stock of merchandise and fixtures of plaintiff were situated. The damage done to plaintiff's property, therefore, was all occasioned by fire, or at least there was a question of fact for the jury on that issue, and it was properly submitted in the charge of the court.

[6] Plaintiff introduced in evidence two financial statements, one given to the Fidelity National Bank & Trust Company March 19, 1920, which showed the value of merchandise at $38,500, and another given to the Federal Reserve Bank of Kansas City January 25, 1921, which showed: "Merchandise finished (now valued one-half) $14,858.50." Defendant contends that the admission of these statements was error. The first of these statements was received in evidence without objection. The second was properly admitted. It tended to show that plaintiff undervalued the merchandise in making his financial statements. It was made in due course of business, and clearly was not self-serving. It corroborated the testimony of Joe Hurst.

[7] Defendant further contends that the

court erred in refusing to give the following instruction requested by it:

"The court instructs the jury that it is admitted that the plaintiff presented to the defendant, in support of his claim, proofs of loss sworn to on September 15, 1922, to which the plaintiff attached a schedule of the property he claimed to have had on January 1, 1922, and the property he claimed to have had on July 28, 1922, and in which proof of loss, the plaintiff under oath swore that all of the said property was destroyed by a fire which occurred on the 28th day of July, 1922, at 10 p. m. You are further instructed that it is admitted by the plaintiff that, on the same date and at the same time, the plaintiff made and swore to another proof of loss to the Equitable Alliance Insurance Company, which company had issued a policy covering the same property loss from explosion, in which proof of loss the plaintiff swore, under oath, that the property in dispute was on the 28th day of July, 1922, at 10 p. m., either in whole or in part destroyed by explosion. You are instructed, therefore, that if you believe, from the evidence, that any part of plaintiff's property, covered by the policies sued on, was damaged or destroyed by an explosion preceding the fire mentioned in evidence, then the plaintiff has sworn falsely as to a material matter connected with the subject-matter of the insurance and this suit, and that the intention on the part of the plaintiff to defraud the defendant will be presumed, and if you find such false swearing was made, then your verdict must be for the defendant on both counts of plaintiff's petition."

In its general charge, the court instructed the jury as follows:

"If the misrepresentations and false statements charged were willfully or intentionally made as charged as to any material matter concerning the loss, then your finding is for the defendant, if you find that such was the case. * * *

"If you believe from the evidence that an explosion preceded the fire, and any material portion of the property of the plaintiff insured was either damaged or destroyed by the explosion, then your verdict must be for the defendant on both counts of plaintiff's petition."

The general charge, therefore, fairly covered the matters in the requested instruction. In addition thereto, that portion of the requested instruction relative to false swearing wholly failed to state that, to constitute false swearing within the meaning of

the policy provision, the untrue statement must have been knowingly and willfully made. The question of whether the plaintiff was guilty of a false statement was made to depend upon the facts as they were developed at the trial. This overlooked the question of what plaintiff may have honestly believed, when the statement was made, in the light of the facts then developed. In Insurance Companies v. Weide, supra, the Supreme Court said:

"But it does not inevitably follow, from the fact that there was a material discrepancy between the statements made by the plaintiffs under oath in their proofs of loss, and their statements when testifying at the trial, that the former were false, so as to justify the court in assuming it, and directing verdicts for the defendants. It may have been the testimony last given that was not true, or the statements made in the proofs of loss may have been honestly made, though subsequently discovered to be mistaken. It is only fraudulent false swearing in furnishing the preliminary proofs, or in the examinations which the insurers have a right to require, that avoids the policies, and it was for the jury to determine whether that swearing was false and fraudulent."

The requested instruction was therefore properly refused.

. We conclude that the record discloses no error justifying a reversal of the judgment below, and it is therefore affirmed.