**CONNECTICUT FIRE INS. CO. OF HART-FORD, CONN., v. HURST.***

(Circuit Court of Appeals, Eighth Circuit. January 26, 1926.)

Nos. 6971–6974.

1. **Insurance** ⬤⟳670—**Special finding as to value of insured property held not inconsistent with finding that insured and another witness honestly believed it was worth much more.**

Jury's special finding that insured stock of merchandise destroyed by fire was worth $25,000 *held* not inconsistent with finding, by general verdict for insured in action on policy, that insured and his son honestly believed that property was worth over $39,000, as they testified.

2. **Insurance** ⬤⟳668(10)—**Whether damage was all caused by fire, preceded by explosion on nearby premises, held properly submitted to jury.**

Where evidence showed that explosion causing fire occurred in restaurant near building in which insured stock of merchandise and fixtures were situated, and did no substantial

*Rehearing denied April 20, 1926.

damage to such building, whether damage to property was all caused by fire was at least a jury question, and refusal to direct verdict for insurer in action on fire policy, because insured offered no evidence of damage done by explosion, was not error.

3. **Trial** ⬤⟳260(9)—**Refusal of instructions covered by general charge, and not stating that untrue statements must have been knowingly and willfully made to constitute false swearing, held not error.**

Refusal of instructions, not stating that untrue statements must have been knowingly and willfully made by insured to constitute false swearing, within provision of fire insurance policy that entire policy shall be void in such case, *held* not error, where jury was fully and properly instructed on such issue in general charge.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Actions by V. Hurst against the Connecticut Fire Insurance Company of Hartford, Connecticut, against the Dubuque Fire & Marine Insurance Company, against the Nationale Fire Insurance Company of Paris, France, and against the Norwich Union Fire Insurance Society, Limited, of Norwich, England, respectively. Judgments for plaintiff, and defendants bring error. Affirmed.

I. J. Ringolsky, of Kansas City, Mo. (M. L. Friedman and William G. Boatright, both of Kansas City, Mo., on the brief), for plaintiffs in error.

Ellison A. Neel, of Kansas City, Mo. (A. L. Cooper, Julius C. Shapiro, and Wallace Sutherland, all of Kansas City, Mo., on the brief), for defendant in error.

Before STONE, Circuit Judge, and PHILLIPS, District Judge.

PHILLIPS, District Judge. V. Hurst (hereinafter called plaintiff) brought four actions to recover upon seven fire insurance policies for alleged loss from fire of the property insured, one against the Connecticut Fire Insurance Company of Hartford, one against the Dubuque Fire & Marine Insurance Company, one against the Nationale Fire Insurance Company of Paris, and one against the Norwich Union Fire Insurance Society, Limited. The insurance companies will hereafter be referred to as defendants.

On July 28, 1922, plaintiff was the owner of a stock of merchandise and fixtures located at 805 Main street, Kansas City, Mo. Main street runs north and south. Immediately north of the storeroom occupied by plaintiff there were three other storerooms. The first storeroom north of plaintiff's was

occupied by a tailor shop, the second by a restaurant, and the third by a clothing store. At about 9:30 o'clock p. m., July 28, 1922, an explosion occurred in the restaurant. Following this explosion fire destroyed all four of the storerooms and the stock of merchandise and fixtures owned by the plaintiff.

At the time of the fire plaintiff carried eleven fire insurance policies aggregating $27,000 and an explosion policy for $10,000. Actions on the eleven fire insurance policies were originally brought in the circuit court of Jackson county, Mo. The four cases first above mentioned were removed to the District Court of the United States for the Western District of Missouri. They were consolidated for trial, and resulted in verdicts and judgments in favor of the plaintiff against the Connecticut Fire Insurance Company of Hartford for $4,961.42, against the Dubuque Fire & Marine Insurance Company for $4,961.40, against the Nationale Fire Insurance Company of Paris for $3,969.12, and against the Norwich Fire Insurance Society, Limited, for $4,961.42. From these judgments the defendants sued out writs of error to this court. One other case was also removed. It resulted in a verdict and judgment in favor of the plaintiff for $5,329.16, and the defendant sued out a writ of error to this court. See No. 6970, Atlas Assurance Co., Limited, of London, England, Plaintiff in Error, v. V. Hurst, Defendant in Error, opinion filed January 26, 1926, and reported in 11 F.(2d) 150.

The policies of insurance in the consolidated cases each contained the following provision: "This entire policy shall be void * * * in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The first contention of the defendants is that the court erred in refusing to direct verdicts in favor of each of the defendants on the ground that the proof conclusively established as a matter of law that plaintiff was guilty of fraud and false swearing. The same contention based upon substantially the same facts was urged in Atlas Assurance Co., Limited, of London, England, Plaintiff in Error, v. V. Hurst, Defendant in Error, No. 6970, above referred to, and decided adversely to the insurance company. Upon the authority of that case, and for the reasons therein stated, we hold that the defense of fraud and false swearing was not conclusively established by the evidence, but that it depended upon the determination of controverted issues of fact, and that it was proper to submit those issues to the jury for decision.

[1] The second contention of the defendants, using the language employed by their counsel in the brief, is:

"Plaintiff and his son made false statements in the proofs of loss, and in the examination under oath before the trial and at the trial, that the actual cash value of plaintiff's merchandise immediately preceding the explosion was $39,411.90, and the jury found that the value was only $25,000, and, for these reasons, the peremptory instruction to find for defendant should have been given."

Of course, the giving of a peremptory instruction to the jury to find for the defendants could not be based upon a subsequent finding by the jury. We assume, therefore, that counsel mean that the special finding and the general verdict were so inconsistent that the court should not have permitted the general verdict to stand. That question is not presented by the assignments of error. On the issue of false swearing as to the value of the property, the court instructed the jury as follows:

"The court instructs the jury that, under the terms of the policy sued on, it is provided that the defendant shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs to the same, and that such loss or damage shall be ascertained according to such actual cash value with the proper deduction for depreciation, however caused. The court therefore instructs you that if you believe, from the evidence, that the plaintiff or his son, with his knowledge and consent, either when he was examined under oath, as authorized by the terms of the policies, or in his proof of loss, or during this trial, intentionally, under oath, swore that the actual cash value of the property claimed to have been destroyed was approximately $39,500, and if you further believe from the evidence that the actual cash value of the property destroyed, after making proper deductions, if any, for depreciation, however caused, was materially less than the sum of $39,500, and the oath of the plaintiff or his son was made intentionally, then your verdict must be for the defendant."

Under this instruction the jury by their general verdict found that the plaintiff and his son were not guilty of false swearing when in the proofs of loss, in the examination under oath before the trial, and at the trial, they swore that the value of the prop-

erty destroyed immediately prior to the loss was $39,411.90. The value of property is a question of opinion. Different persons equally honest might place substantially different values on a stock of merchandise and fixtures such as were here involved. It is our opinion that the special finding of the jury that the property was of the value of $25,000 was not inconsistent with its finding that the plaintiff and his son honestly believed the property was of the value of $39,411.90 and swore truthfully when they so testified. Spring Garden Ins. Co. v. Amusement Syndicate Co., 178 F. 519, 531, 102 C. C. A. 29; Erb v. German-American Ins. Co., 67 N. W. 583, 98 Iowa, 606, 40 L. R. A. 845; Goldstein v. St. Paul F. & M. Ins. Co., 99 N. W. 696, 124 Iowa, 143; Stone v. Hawkeye Ins. Co., 28 N. W. 47, 68 Iowa, 737, 56 Am. Rep. 870; Williams v. Phœnix F. Ins. Co., 61 Me. 67; Moore v. Protection Ins. Co., 48 Am. Dec. 514, 29 Me. 97; Franklin Ins. Co. v. Culver, 6 Ind. 137; Rasmusson v. North Coast F. Ins. Co., 83 Wash. 569, 145 P. 610, L. R. A. 1915C, 1179; Connecticut F. Ins. Co. v. Union Mercantile Co., 171 S. W. 407, 161 Ky. 718; Hirschman v. Firemen's Fund Ins. Co. (City Ct.) 123 N. Y. S. 781; Commercial Ins. Co. v. Friedlander, 41 N. E. 183, 156 Ill. 595; Hodge v. Franklin Ins. Co., 126 N. W. 1098, 111 Minn. 321; Unger v. People's F. Ins. Co., 4 Daly (N. Y.) 96; Dogge v. Northwestern National Ins. Co., 5 N. W. 889, 49 Wis. 501.

[2] The third contention of the defendants is that the court erred in refusing to instruct the jury to find for the defendants, because plaintiff offered no evidence as to the amount of damage done by explosion, as distinguished from that done by fire. This contention assumes that some part of the loss was occasioned by explosion. The proof developed on the trial showed that the explosion occurred in the restaurant, and that it did no substantial damage to the building in which the stock of merchandise and fixtures of plaintiff were situated. The damage done to plaintiff's property, therefore, was all occasioned by fire, or at least there was a question of fact for the jury on that issue.

[3] The fourth contention of the defendants is that the court erred in refusing to give certain requested instructions upon the issue of fraud and false swearing. These requested instructions all failed to state that, to constitute false swearing within the meaning of the provisions of the policies, the untrue statements must have been knowingly and willfully made. Furthermore, the jury were fully and properly instructed upon the issue of false swearing in the general charge of the court.

The judgments are affirmed.